**UNITED STATES of America, Plaintiff,**

v.

**SERVITEX, INC., Defendant.**

**No. 81–4–00361.**

United States Court of International Trade.

March 11, 1982.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D. C. (Sandra P. Spooner, Washington, D. C., on the motion), for plaintiff.

MEMORANDUM OPINION AND ORDER

LANDIS, Judge:

This is an action for damages commenced by the United States on April 6, 1981 pursuant to section 592 of the Tariff Act of 1930, as amended [19 U.S.C. § 1592]. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1582.

Plaintiff moves for entry of a default judgment. Defendant has not answered the complaint and has not responded to the motion for entry of a default judgment.

Accordingly, plaintiff's motion for entry of a default judgment is granted.

A question arises whether interest shall be imposed and, if imposed, the effective date and the rate thereof. Plaintiff contends that interest should be imposed from the date of importation of the merchandise (the latest importation being over five years ago) and that the rate should be twelve percent per annum using section 6621 of the Internal Revenue Code of 1954 as a guide for the rate to be imposed.[1]

In reviewing the statutory enactments applicable to this Court only certain specific provisions relating to interest are found.[2]

---

1. Plaintiff has submitted a copy of a similar judgment on default in *United States of America v. Leslie A. Moritz, et al.*, entered by Judge Maletz on October 5, 1981. Judge Maletz has recently abrogated this order and vacated said default on February 23, 1982.

2. This Court is mandated to impose interest charges on judgments pursuant to section 515 of the Tariff Act of 1930 [19 U.S.C. § 1515] pursuant to 28 U.S.C. § 2644. Such interest is calculated from the date of the filing of the summons to the date of refund. Interest is payable at an annual rate established under section 6621 of the Internal Revenue Code of 1954 [26 U.S.C. § 6621].

19 U.S.C. § 1677g mandates that interest be paid on overpayments and underpayments of amounts deposited on merchandise entered or withdrawn from warehouse, for consumption

Although 28 U.S.C. § 2644 and 19 U.S.C. § 1677g mandate interest in certain instances, said sections are specifically directed toward well-defined actions and, as such, are not applicable to section 592 actions herein. Therefore, the court lacks the authority to use these sections to enlarge the legislative mandate narrowly defined by the sections.

The enactment of the Customs Courts Act of 1980[3] redefined the jurisdiction of this Court and with certain exceptions bestowed upon it all powers in law and equity possessed by a District Court of the United States.[4]

Title 28 provides a general interest provision applicable to all federal district courts. 28 U.S.C. § 1961 states:

"Sec. 1961. Interest

Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of entry of the judgment, at the rate allowed by State law."

This provision is equally applicable to this Court under 28 U.S.C. § 1585 there being no comparable general interest provision specifically enacted for this Court.[5]

An examination of 28 U.S.C. § 1961 clearly indicates that it is mandatory, that interest is calculated from the *date of the entry of judgment* and, that the rate of interest is the *rate allowed by State law of*

the *jurisdiction in which the court is located.*

A question arises as to the jurisdiction in which this Court is located. Being a national court, the court conducts trials in various situs in the United States. However, when a judgment is entered, it is entered in the Clerk's Office located in New York. That is the official place of entry and filing of a judgment. Such judgment, of course, may be registered in any judicial district pursuant to 28 U.S.C. § 1963A by filing a certified copy of such judgment in that district *subsequent to that judgment being entered in the Court of International Trade.*

This Court being located in New York should follow the guidelines of the federal district courts in New York when it is borrowing upon their statute to grant relief. It should uniformly apply the entire statute and not merely part thereof.

The only remaining question is to the rate of interest in New York. N.Y. Civil Practice Law & Rules, § 5004 (McKinney)[6] states:

"Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."

The interest rate is, therefore, nine percent.

ORDERED and ADJUDGED, plaintiff's motion for the entry of a judgment on default is granted. The Clerk is directed to enter judgment in favor of plaintiff in the amount of 263,248 dollars with interest at the rate of 9% from the date of entry of the judgment.

---

on and after the date on which notice of an affirmative determination by the Commission under 19 U.S.C. § 1671d(b) or 19 U.S.C. § 1673d(b) is published. Interest is payable at 8 percent per annum or the rate in effect under 26 U.S.C. § 6621, whichever is higher.

**3.** October 10, 1980, P.L. 96–417, Title III, Sec. 301, 94 Stat. 1728 (effective November 1, 1980, as provided by section 701(a) of such Act, 28 U.S.C. § 251 note).

**4.** 28 U.S.C. § 1585 states:
"The Court of International Trade shall possess all the powers in law and equity of,

or as conferred by statute upon, a district court of the United States."

**5.** Allowance of interest in a federal civil suit is not a matter of discretion, but is mandatory. Interest is payable on a judgment whether or not the judgment order expressly calls for post-judgment interest. See, *White v. Bloomberg*, 360 F.Supp. 58 (C.D.Md., 1973), aff'd 501 F.2d 1379.

**6.** L.1981, c. 258 § 1, passed June 15, 1981, effective June 25, 1981.