UNITED STATES of America, Plaintiff,

v.

IMPERIAL FOOD IMPORTS and American Motorists Insurance Company, Defendants.

Court No. 86–04–00492.

United States Court of International Trade.

April 2, 1987.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Director, Commercial Litigation Branch, Civil Div., Dept. of Justice (Paula N. Rubin) New York City, for plaintiff.

Russotti & Barrison, Harvey Barrison, New York City, for defendant American Motorists Ins. Co.

DiCARLO, Judge:

The United States brings this action pursuant to 28 U.S.C. § 1582(2) (1982) against an importer, Imperial Food Imports (Imperial) and its surety, American Motorists Insurance Company (American Motorist) to recover unpaid liquidated damages in the amount of $220,749.00 relating to the importation of merchandise under nine immediate delivery and consumption entry bonds. Plaintiff moves and defendant American Motorist cross-moves for summary judgment. Plaintiff's motion is granted.

The government alleges the following facts. Between January 4, 1984 and August 16, 1984, Imperial entered merchandise through the Port of Seattle by means of nine consumption entries covered by bonds executed by Imperial as principal and American Motorist as surety. Between February 27, 1984 and August 20, 1984, the Federal Food and Drug Administration (FDA) issued notices of refusal of admission, finding that the merchandise was adulterated within the meaning of section 402 of the Food, Drug and Cosmetic Act, 21 U.S.C. § 342 (1982). Customs mailed notices of refusal of admission to Imperial ordering it to export or destroy portions of merchandise covered by all nine entries within 90 days. At no time did Imperial seek relief from the FDA findings. Imperial failed to export or destroy

the merchandise within 90 days, and Customs issued notices of redelivery requiring redelivery of the merchandise to Customs custody within 30 days. None of the merchandise, valued at $214,963.00, was returned to Customs custody. Beginning September 25, 1985 Customs sent notices of liquidated damages and demands for payment to Imperial and sent copies of the notices to Imperial's surety, American Motorist. Liquidated damages, totaling $220,749.00 were assessed based on the value of the refused merchandise plus estimated duties, under 19 C.F.R. § 141.113(g). After numerous demands for payment were made, Customs sent a final demand to American Motorist on April 17, 1985. Neither Imperial nor American Motorist has paid any part of the liquidated damages demanded by Customs. Since service of process was not effected against Imperial, this action proceeds only against American Motorist.

■ American Motorist does not contest the facts alleged by the government, but argues that those facts do not show that the government is entitled to judgment. First, American Motorist says that the government has failed to produce notices of detention and hearing for all entries except one, and thus under *United States v. Borge*, 9 CIT ——, Slip Op. 85–101 (1985), the government has failed to prove that Imperial had an obligation under Customs regulations to comply with the order to export or destroy. The government does not agree that production of notices of detention is a condition precedent to recovery under *Borge*, but meets the objection by providing copies of the notices in further support of its motion for summary judgment. The Court need not, and therefore does not, reach the question whether such notices are a condition precedent to recovery of liquidated damages under a bond.

■ American Motorist in its reply contends that the notices of detention supplied by the government do not show that there was a proper finding that the merchandise was adulterated as to some shipments, since some notices reveal that the detention was not based on sampling and analysis. Thus American Motorist essentially alleges as a defense a failure by the government to establish the underlying violation.

The finding by the FDA that the imported merchandise appeared to be adulterated within the meaning of section 402 of the Food, Drug and Cosmetic Act is not the subject of this action under 28 U.S.C. § 1582(2). This action concerns the failure of an importer and its surety to pay, under the terms of various bonds, liquidated damages which were assessed for noncompliance with notices of redelivery issued by Customs after the importer failed to export or destroy merchandise after issuance of the notices of refusal of admission. Since the imported merchandise was refused admission by the FDA, the merchandise was not exported, destroyed or redelivered, and liquidated damages were not paid, the government has offered proof sufficient to obligate a surety on the bonds to pay the amount of liquidated damages called for under the bonds in such circumstances.

■ Defendant contends, however, that it is not liable under the bonds on the ground that its status is not that of a surety, but rather "that of a guarantor of an importer's performance." Brief for defendant at 12. Under American Motorist's theory, a guarantor of performance would be entitled to notice of the principal's default, and could not be held liable to the extent that the failure to notify caused damage or loss. It argues that it could have made efforts to bring Imperial into compliance if it had been afforded notice of Imperial's noncompliance earlier, and that as a guarantor, it is discharged from liability when notice is given after the principal becomes insolvent.

Defendant supplies the answer to its own argument when it states: "If there is a strict surety relationship, the Government is under no obligation to notify American of Imperial's conduct." Brief for defendant at 12. The Court holds that American Motorist is a surety as stated in the bonds, and under the terms of its bonds it is jointly and severally liable for the liqui-

dated damages assessed by Customs by reason of Imperial's conduct.

Plaintiff is entitled to post-judgment interest under 28 U.S.C. § 1961 (1982). Plaintiff also requests pre-judgment interest as compensation for the lost use of the liquidated damages to which it was entitled as a result of the breach of the terms of the bonds. American Motorist offers no equitable reason why such interest should not be awarded. "[A]ward of prejudgment interest lies within the discretion of the Court, as part of its equitable powers." *United States v. B.B.S. Electronics International, Inc.,* 9 CIT ——, 622 F.Supp. 1089, 1095 (1985); *see United States v. Borge International, Inc.,* 9 CIT ——, Slip Op. 85–101 (1985); *United States v. Atkinson,* 6 CIT 257, 575 F.Supp. 791 (1983), *aff'd,* 748 F.2d 659 (1984). Under the facts and circumstances of this case, there is no reason why the government should have been deprived of the liquidated damages to which it was entitled after Customs sent its final demand for payment to American Motorist on April 17, 1985. The Court determines within its discretion that pre-judgment interest should be awarded to plaintiff from that date at the rate set forth in 26 U.S.C. § 6621.

The Court, upon reading the pleadings, affidavits and exhibits, the plaintiff's statement pursuant to Rule 56(i) and the defendant's response thereto, holds that the government is entitled to judgment as a matter of law.

Judgment will be entered accordingly. So ordered.

### JUDGMENT

Upon reading and filing plaintiff's motion for summary judgment, defendant American Motorists Insurance Company's opposition thereto and cross-motion for summary judgment and all papers and proceedings had herein, it is hereby,

ORDERED that plaintiff's motion for summary judgment is granted;

ORDERED that defendant American Motorists Insurance Company's cross-motion for summary judgment is denied; and it is further

ORDERED that judgment be, and hereby is, entered in favor of plaintiff against defendant American Motorists Insurance Company in the amount of $220,749.00 plus post-judgment interest as provided in 28 U.S.C. § 1961 and pre-judgment interest from April 17, 1985 as provided in 26 U.S.C. § 6621.