UNITED STATES of America, Plaintiff,

v.

UTEX INTERNATIONAL INC. and Sentry Insurance Company, Defendants.

**Court No. 86-6-00702.**

United States Court of International Trade.

April 22, 1987.

---

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Dept. of Justice, New York City, Barbara M. Epstein, Washington, D.C., for plaintiff.

Follick & Bessich, New York City, William E. Melahn, Boston, Mass., for defendant-Sentry Ins. Co.

## MEMORANDUM OPINION
## AND ORDER

TSOUCALAS, Judge:

In this action commenced pursuant to 28 U.S.C. § 1582(2), the United States seeks to recover liquidated damages based on the breach of defendants' entry bond conditions. Utex, importer and principal on the bond, has defaulted by failing to appear or answer.[1] Therefore, Sentry, the surety on the bond, is the only defendant in this action. The matter is now before the Court on plaintiff's motion, and defendant's cross-motion, for summary judgment.

## BACKGROUND

Prior to importation, Utex as principal, and Sentry as surety, executed and delivered to Customs an Immediate Delivery and Consumption Entry Bond (Single Entry). As per the conditions of the bond, Utex and defendant jointly and severally guaranteed to pay all taxes, duties, and liquidated damages covering this entry; they further guaranteed to export the merchandise if it was denied admission, or in default of this condition, they would pay liquidated damages in an amount equal to the value of the goods plus the estimated duties.

On February 1, 1980, Utex entered 115 cartons of frozen peeled and deveined shrimp, which were covered by the bond and released to Utex. After the FDA sampled the merchandise, it issued a Notice of Detention and Hearing because the shrimp appeared to be contaminated. Utex failed to exercise its rights to contest this finding. The entry was liquidated on February 29, 1980, duty-free, therefore, no estimated duties were assessed. On March 12, 1980,

---

1. On January 6, 1987, default judgment against Utex was granted in plaintiff's favor. Sentry's application for default against Utex is pending before the Court.

the FDA issued a Notice of Refusal, informing Utex that the goods appeared to contain Salmonella and/or filth, and/or appeared to be decomposed in violation of § 801(a)(3) of the Food, Drug, and Cosmetic Act (21 U.S.C. § 381(a)(3)). The notice further directed Utex to export the shrimp under Customs' supervision within 90 days, which Utex has never done. Customs treated this as a breach of the bond and issued to Utex and defendant, a Notice of Penalty or Liquidated Damages Incurred and Demand for Payment, in the amount of $11,718.00. Utex and Sentry have refused to pay despite numerous demands.

Plaintiff claims that under ¶ 7 of the entry bond, Utex and defendant are obligated to pay liquidated damages for the failure to export merchandise refused admission. Defendant does not dispute the validity of the underlying liquidated damage claim, but contends that it did not receive proper notice as required by the bond because Customs liquidated the entry before the notice of denial was issued; thus, the government is barred from asserting the claim. The issue, therefore, is whether the bond obligation, to pay liquidated damages for failure to export prohibited merchandise, is terminated because the entry was liquidated before the FDA's decision on admissibility.

## DISCUSSION

In support of its claim, defendant has extracted language from 19 U.S.C. § 1514(a), entitled *Protest against decision of appropriate customs officer, Finality of decisions.* The relevant portion of § 1514(a) provides that the decision of the customs officer, to exclude merchandise from entry or delivery under any provision of the customs law (see subsection (a)(4)), shall be final and conclusive upon all persons, including the United States and its officers unless: a protest is filed; or the goods are reliquidated under § 1501, § 1520, or § 1521. Defendant argues that since Customs did not reliquidate the entry after it was refused admission, and no protest was filed, then the liquidation became final and Customs forfeited its right to enforce a subsequent decision to refuse admission. Defendant has misinterpreted the appropriate application of this section.

Reliquidation involves the computation of duties in order to correct errors in appraisement, classification, or any other element in liquidation. *United States v. American Motorists Insurance Co.,* 10 CIT ——, Slip. Op. 86–7 at 5 (January 10, 1986) [Available on WESTLAW, DCT database]. The act of liquidation, the final ascertainment and computation of the importer's *duty* liability,[2] is separate and independent from the decision on admissibility by the FDA. Pursuant to 21 U.S.C. § 381(a), Customs will deliver samples of food offered for importation to the FDA for examination. Any adulterated food shall be refused admission by the FDA and, unless exported pursuant to Customs' regulations within 90 days of the notice of refusal, shall be destroyed by Customs. Under § 381(b), Customs may allow delivery of the merchandise to the importer pending a decision by the FDA, conditioned on the execution of a bond providing for liquidated damages in the event of default.

■ The purpose of posting a bond is to ensure compliance with the FDA decision, to prevent contaminated food from entering the commerce of the United States. The language of the bond itself contemplates that Customs will ascertain quantity, value, and duty of the entry; and a "proper officer" will determine its right of admission. Unquestionably, the decision to exclude food offered for importation is committed to the discretion of the Secretary of Health and Human Services,[3] administration of which rests with the FDA. *Sugarman v. Forbragd,* 405 F.2d 1189, 1190 (9th Cir.1968), *cert. denied,* 395 U.S. 960, 89 S.Ct. 2103, 23 L.Ed.2d 747 (1969); 21 U.S.C. § 381(a). Customs is vested with the power to implement the FDA decision by supervising destruction or exportation of the merchandise. 21 U.S.C. § 381(a).

2. *United States v. Goodman,* 6 CIT 132, 137, 572 F.Supp. 1284, 1288 (1983).

3. Formerly the Secretary of Health, Education and Welfare.

To accept defendant's position, that the exclusion of the goods is encompassed within 19 U.S.C. § 1514(a)(4), would mean that Customs determines that food is contaminated and orders its exportation, which is clearly erroneous. The exclusion of the merchandise in this case was based on a violation of 21 U.S.C. § 381, within the province of the FDA. The decision to exclude diseased food is *not* a decision by a customs officer within the provisions of the *customs* law, as per § 1514(a)(4). *Cf. Vivitar Corp. v. United States*, 7 CIT 170, 176, 585 F.Supp. 1419, 1426 (1984) (as to those import restrictions which fall within the customs laws). The decisions within the purview of this section would include, for example, those pertaining to the prohibited importation of: goods improperly marked or falsely designating country of origin; immoral articles; merchandise produced by forced labor; goods produced by unfair competition; quantitatively restricted goods. *See* 19 U.S.C. §§ 1304, 1305, 1307, 1337, and § 1351.

Furthermore, the finding by the FDA is not the subject of an action under 28 U.S.C. § 1582(2). *United States v. Imperial Food Imports*, 11 CIT —, —, 660 F.Supp. 958, 960 (1987). The basis of this type of action is the failure to pay liquidated damages under the bond for noncompliance with its conditions. It is undisputed that the terms of the bond were breached when the goods were not exported, and the liquidated damages were not paid.

█ Undoubtedly, suspension of liquidation is required pending the FDA decision on admissibility of imported food. 19 C.F.R. § 159.55. Defendant relies on *United States v. A.N. Deringer, Inc.*, 66 CCPA 50, C.A.D. 1220, 593 F.2d 1015 (1979), where the court held that a liquidation is valid under this regulation if performed after the admissibility decision is made. However, a liquidation occurring prior to the admissibility decision is not void *ab*

*initio,* in the absence of a timely protest, which challenges the *correctness* and *legality* of the liquidation. 66 CCPA at 55, 593 F.2d at 1020. There is nothing to suggest however, that the consequences of a premature liquidation result in excusing defendant's breach of the bond, or in precluding plaintiff's claim for liquidated damages.

█ In *A.N. Deringer*, the court stated that liquidation could occur even if the goods were denied admission. 66 CCPA at 54, 593 F.2d at 1019. Thus, the liability imposed by liquidation (the payment of import duties), is in addition to the responsibility to comply with an FDA directive. Upon exportation or destruction of the goods under Customs' supervision, those duties will be refunded. 19 C.F.R. § 159.55. The finality of liquidation for purposes of § 1514(a) cannot exonerate an importer or surety from its responsibility on the bond for failure to abide by the FDA directive to export the goods.[4]

Finally, since the question is whether the defendant, as surety, can avoid liability on the bond, it must be remembered that defendant had the right to protest the demand for liquidated damages. *United States v. Bavarian Motors, Inc., et al.*, 4 CIT 83, 85 (1982). Pursuant to 19 U.S.C. § 1514(c)(2), a surety which has an unsatisfied legal claim under its bond may file a protest within 90 days from the date of mailing the notice of demand for payment against its bond. According to defendant's logic the liquidated damage claim against defendant became final and conclusive when defendant failed to file a protest within 90 days of the demand for payment.

This Court finds that liquidation occurring prior to the notice of refusal of admission does not invalidate that notice. Regardless of the importers liability for import duties, there was a commensurate obligation to export the goods within 90 days. Defendant, having admitted the underlying breach of the bond condition, is liable to

---

**4.** *See generally* C.S.D. 80–138, 14 Cust. Bull. 942, 943 (October 22, 1979), liquidation does not terminate a surety's responsibility under a bond when documents required by another government agency have not been produced; *compare* C.S.D. 86–21, 20 Cust. Bull. 21 (August 20, 1986) and the General Notice of the effect of that ruling, 21 Cust. Bull. 13 (January 28, 1987), as to the relevance of liquidation to the decision on admissibility by another agency.

plaintiff for the consequential liquidated damages. Therefore, plaintiff's motion for summary judgment is granted.

■ Plaintiff has requested both post and pre-judgment interest be awarded in its favor. There does not appear to be any dispute that in an action to recover liquidated damages on a bond, plaintiff is entitled to post-judgment interest. *United States v. Atkinson*, 6 CIT 257, 575 F.Supp. 791 (1983); *United States v. Servitex Inc.*, 3 CIT 67, 535 F.Supp. 695 (1982); *United States v. B.B.S. Electronics Int'l Inc.*, 9 CIT ——, 622 F.Supp. 1089 (1985); *accord Imperial Food Imports*, 11 CIT at ——, 660 F.Supp. at 960–61. Therefore, plaintiff is to be awarded post-judgment interest in accordance with 28 U.S.C. § 1961. The Court, however, does not agree with plaintiff that the rate in subsection (c) of that statute is appropriate, since that section does not apply to actions of this type.

Plaintiff claims it is entitled to pre-judgment interest in order that it be compensated for lost use of the liquidated damages to which it was entitled. Defendant alleges that any lost use of funds was due to Customs' delinquency in demanding payment from defendant, since four years elapsed between the initial demand on Utex, the principal, and the subsequent demand on defendant.

■ Since there is no statutory provision for the award of pre-judgment interest, this decision properly "lies within the discretion of the Court, as part of its equitable powers." *Imperial Food Imports*, at ——, 660 F.Supp. at 961 (quoting *B.B.S. Electronics*, 9 CIT ——, 622 F.Supp. at 1095); *Atkinson*, 6 CIT at 262, 575 F.Supp. at 795. In determining the propriety of such an award, any laxity on the part of plaintiff in pursuing its claim is to be considered. *B.B.S. Electronics; Atkinson, supra.*

■ The initial demand by Customs against Utex for liquidated damages was made in December 1980. It is noted that in the pleadings, defendant does not deny that Customs sent a copy of the Demand for Payment to defendant in December 1980.

However, the record is void of any further action taken by plaintiff to satisfy its claim against defendant until June 27, 1984 when plaintiff demanded payment from defendant. In August 1984, defendant unsuccessfully petitioned for mitigation of the claim. Pursuant to 21 C.F.R. § 1.98, any cancellation or mitigation of bond liability covering an entry governed by 21 U.S.C. § 381 must have the approval of the FDA district director, who recommended full collection in October 1985. Nevertheless, defendant refused two additional demands for payment made on March 19, 1986 and May 27, 1986. In the Court's discretion, it seems appropriate in this context to grant pre-judgment interest from the date when defendant's petition for mitigation was denied. Customs was clearly entitled to payment of the liquidated damages. Defendant did not seek any further review of the claim for liquidated damages. Instead, defendant simply ignored its obligation and refused to make payment. The rate of pre-judgment interest shall be in accordance with 26 U.S.C. § 6621. *Imperial Food Imports*, —— CIT at ——, 660 F.Supp. at 961. This is the rate at which an importer would be compensated for lost use of its money when duties are erroneously assessed.

## CONCLUSION

Plaintiff is entitled to judgment as a matter of law. Defendant does not deny that, in breach of its bond, contaminated food was not exported pursuant to an FDA directive. As a result, defendant was liable on the bond for liquidated damages to plaintiff. The fact that the goods were liquidated prior to the notice of refusal being issued by the FDA does not affect the importer's or surety's responsibility on the bond to export prohibited merchandise or pay liquidated damages. Plaintiff is entitled to pre-judgment interest as of October 3, 1985, when mitigation of the claim was denied, and defendant shall also pay post-judgment interest. So ordered.

## JUDGMENT

This case having been duly submitted for decision and the Court, after due delibera-

tion, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY ORDERED, ADJUDGED and DECREED: that plaintiff's motion for summary judgment is granted; and it is further

ORDERED, ADJUDGED and DECREED: that defendant Sentry Insurance Company's motion for summary judgment is denied; and it is further

ORDERED, ADJUDGED and DECREED: that judgment be, and hereby is, entered in favor of plaintiff against defendant Sentry Insurance Company in the amount of $11,718.00 plus post-judgment interest in accordance with 28 U.S.C. § 1961(a) and (b) and pre-judgment interest from October 3, 1985 to be calculated in accordance with 26 U.S.C. § 6621.