The **UNITED STATES, Plaintiff,**

v.

**AMERICAN MOTORISTS INSURANCE CO., and Haitian American Seashells, Defendants.**

**Court No. 86–05–00675.**

United States Court of International Trade.

Dec. 23, 1987.

## OPINION

RESTANI, Judge:

This suit against the principal and surety on certain customs bonds is before the court on the cross-motions for summary judgment of the United States and the surety.

### Facts

In the summer of 1980, Haitian American Seashells (HAS) entered conch meat into the United States. The Food and Drug Administration (FDA), following procedures which have not been challenged, issued a Notice of Refusal of Admission on August 29, 1980. The notice indicated that HAS had 90 days to export the merchandise under United States Customs Service (Customs) supervision. The merchandise was found to be decomposed.

Liquidation of the two relevant entries occurred on August 4, 1980 and September 3, 1980. On September 15, 1980, Notice of Redelivery as to both entries was issued by Customs. The notice included a "remark" that the merchandise was to be exported or destroyed under Customs' supervision by November 12, 1980. Defendant does not argue that HAS complied in any manner with either the order of the FDA or the order of Customs.

On November 24, 1980, demands for liquidated damages of $21,743.00 were sent to HAS. On April 23, 1982, a demand was made on American Motorists Insurance Co. (AM) for the same amount. AM is the surety on the two bonds covering the entries at issue. On January 25, 1983, AM filed a "Petition for Relief" with Customs. On March 1, 1984 the petition was denied.

### Discussion

Plaintiff's first argument is that the demand for liquidated damages is a protestable decision and that AM may not raise any defenses to the claim for such damages because protest was not filed within 90 days of the demand. 19 U.S.C. § 1514 (1982 & Supp. III 1985). Plaintiff cites in support section 1514(a)(3) indicating that "all charges or exactions of whatever na-

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Civil Div., U.S. Dept. of Justice (Barbara M. Epstein), New York City, for plaintiff.

Russotti & Barrison (Harvey Barrison), New York City, for defendants.

ture within the jurisdiction of the Secretary of the Treasury" are subject to protest, and various cases which are not directly on point.

Plaintiff has cited scant authority for the proposition that the type of defenses raised here must be resolved via the protest mechanism. In fact in its reply brief plaintiff, in effect, requests the court to decide this case on other grounds. The court accedes to that request.

■ The first preliminary dispute which should be resolved is whether plaintiff may sue only under Paragraph 4 of the bonds [1] which refers to failure to redeliver, or whether it may also sue under Paragraph 7 of the bonds [2] which refers to failure to comply with laws governing admissibility into U.S. commerce. Defendant argues that although the demand letters do not cite Paragraph 4, they refer only to failure to redeliver and not failure to comply with admissibility laws. Here, this appears to be a distinction without a great difference. The notices to redeliver were based on the inadmissibility of the merchandise under laws administered by FDA and, as indicated, there was no compliance with FDA's refusal to admit notice. As no facts are relevant to a claim under Paragraph 7 which are not already a part of the dispute underlying the claim under Paragraph 4, there is no prejudice to allowing plaintiff to proceed on both its theories. Indeed, defendant has anticipated this result and has briefed both approaches.

In connection with the dispute, defendant argues that the plaintiff ignores vital differences between the two provisions. Defendant argues that suit is possible only under Paragraph 4 if all of the merchandise at issue is tainted. In other words, defendant asserts that Paragraph 7 is limited to partially adulterated shipments. As noted by defendant, *United States v. India Food and Gourmet*, 9 CIT 171, 176 (1985) appears to hold otherwise. Furthermore, *United States v. Toshoku America, Inc.*, 11 CIT ——, 670 F.Supp. 1006, 1010 (1987), *aff'd on rehearing*, No. 84–11–01590 (CIT, Dec. 1, 1987) discussed this issue in some detail and rejected defendants' argument. Paragraph 7 is clearly designed for matters such as FDA refusals to admit. Paragraph 4 primarily refers to matters within Customs ordinary purview. *See Id.* 670 F.Supp. at 1009–10. When Customs issues a notice of redelivery, an FDA matter becomes the subject of Paragraph 4. Although Paragraph 7 seems to be geared

---

1. Paragraph 4 of the bonds reads:

(4) And if in any case the above-bounden principal shall redeliver or cause to be redelivered to the order of the collector of customs, on demand by him, in accordance with the law and regulations in effect on the date of the release of said articles, any and all merchandise found not to comply with the law and regulations governing its admission into the commerce of the United States, unless before such demand the said principal shall have filed with the collector of customs a superseding bond on customs Form 7601 in which the actual owner whose declaration has been filed pursuant to section 485(d), Tariff Act of 1930, shall have undertaken upon proper demand on such owner to effect such redelivery; or, in default of redelivery after a proper demand on him, the above-bounden principal shall pay to the said collector such amounts as liquidated damages as may be demanded by him in accordance with the law and regulations, not exceeding the amount of this obligation, for any breach or breaches thereof;

2. Paragraph 7 of the bonds reads:

(7) And if in the case of any and all merchandise found not to comply with the law and regulations governing its admission into the commerce of the United States, the above-bounden principal after proper notice shall mark, label, clean, fumigate, destroy, export, and do any and all other things in relation to said merchandise that may be lawfully required, and shall hold the said merchandise for inspection and examination, unless the said principal shall have filed with the district director of customs a bond on customs Form 7601 in which the actual owner whose declaration has been filed pursuant to section 485(d) shall have undertaken after proper notice to mark, label, clean, fumigate, destroy, export, and do any and all other things in relation to the said merchandise that may be lawfully required, and to hold the said merchandise for inspection and examination; or in default thereof, shall pay to the district director of customs as liquidated damages an amount equal to the value of the merchandise with respect to which there has been a default, set forth in the entry, plus the estimated duties thereon, as determined at the time of entry;

chiefly to situations where some merchandise may be rehabilitated, its wording is quite broad. Contrary to defendant's arguments, although Paragraphs 4 and 7 have different basic purposes, it is possible that some fact situations may give rise to liability under both.

The essence of AM's defense is that final liquidations determined full liability under the bonds for the entries at issue. This issue was addressed in two recent cases in this court. One is *United States v. Utex International, Inc.*, 11 CIT ——, 659 F.Supp. 250 (1987) *appeal docketed*, No. 87–1414 (Fed.Cir. June 24, 1987). The other is *Toshoku.*

■ *Utex* is particularly helpful as to one of the claims as it discusses liability under Paragraph 7 in the context of refusal of admission by FDA following liquidation. One of the two entries at issue here met this fact pattern. Contrary to plaintiff's assertion, *Utex* is not *stare decisis;* it is on appeal.[3] It is, however, instructive. The court found, in essence, that liquidation does not bar Customs' enforcement of other agencies' orders intended to prevent adulterated matter from entering into the commerce of the United States. That is, liquidation is binding as to matters which are within Customs' jurisdiction, but the finality effects of liquidation did not bar actions to enforce decisions within FDA's jurisdiction. The court concluded that if liquidated damages could not be collected under the bond there would be little incentive to comply with orders by FDA that are not issued in advance of liquidation.

*Toshoku* is instructive as to the remaining entry. In *Toshoku* FDA's refusal to admit occurred before liquidation. The result was similar to that of *Utex.* There seems little point in repeating the relevant discussion contained in *Toshoku* and *Utex,* nor does there seem to be a reason to reject the recent reasoning of this court on the essential issues involved here.[4]

■ The only way of distinguishing this case from *Toshoku* and *Utex* is based on the fact that the demand for liquidated damages cited failure to redeliver rather than failure to obey the FDA's refusal to admit order. As indicated, as distinguished from those cases which involve decisions under the Customs laws, the notice to redeliver here was based on FDA's refusal to admit and that basis was made clear in the redelivery notice and in the subsequent demands. Thus, there is no significant ground for disregarding *Toshoku* and *Utex.*

■ There is no dispute that the goods at issue were found inadmissible by FDA. There is no dispute that defendant received notices of refusals to admit which were not obeyed or challenged; there is no dispute that Customs issued notices to redeliver based on FDA's finding, which notices were not heeded or challenged; and there is no dispute that suit was brought which involves the basic fact of failure to comply with the refusal to admit. All of the events occurred promptly, although as to one entry the notice of refusal to admit occurred after liquidation.[5] As indicated by *Utex,* premature liquidation is not, by itself, a defense in this type of case. Accordingly, the bonds were breached.

■ Plaintiff also seeks prejudgment interest. Defendant argues that this is a penalty case and prejudgment interest may not be awarded on penalties. True liquidated damages are not penalties. They are compensatory in nature, providing a measure of recovery when it appears at the time a contract is made that damages caused by breach will be difficult or impossible to estimate. *See Rex Trailer Co., Inc. v. United States,* 350 U.S. 148, 153–4,

---

3. The time to appeal in *Toshoku* has not yet run.

4. The court finds unnecessary to its decision that part of *Toshoku* that discusses 19 C.F.R. § 113.62 (1986).

5. Plaintiff argues that it may sue base on simple failure to obey a notice to redeliver because its notice of redelivery was timely. The notice was sent within 90 days of liquidation. As indicated, the liquidation became final. The court does not reach the issue of whether Customs could have demanded redelivery at the time it did if this case had not involved an FDA refusal to admit. *See* 19 C.F.R. § 141.113(f) (1986).

76 S.Ct. 219, 222–3, 100 L.Ed. 149 (1956); *Priebe & Sons, Inc. v. United States,* 332 U.S. 407, 411, 68 S.Ct. 123, 125, 92 L.Ed. 32 (1947). As was held in *United States of America v. Imperial Food Imports,* 834 F.2d 1013 (Fed.Cir.1987) reasonable liquidated damages resulting from failure to heed FDA notices of refusal to admit and resulting Customs redelivery notices are not penalties. In cases such as this, there is no way to accurately assess damage to the government when adulterated food enters into the commerce of the United States in violation of bond provisions. Thus, liquidated damages are provided for in the bond. That liquidated damages may encourage proper performance does not translate them into penalties.

■ The court has certain discretion in awarding pre-judgment interest. *Id.* The issues in this case are complex and there seems to have been no clear precedent involving the issues raised by plaintiff until very recently. Furthermore, suit was not filed by plaintiff until almost six years after the events at issue. Although the court did not find any actions by Customs a defense to liability, some of its actions, such as failure to suspend liquidation, may have misled the defendants into miscalculating liability. Under the particular facts of this case, prejudgment interest shall be assessed from the date of suit, June 3, 1986. The rates specified in section 6621 of the Internal Revenue Code shall apply. *Id.* Postjudgment interest is allowed in accordance with 28 U.S.C. § 1961 (1982). Plaintiff shall prepare a proposed judgment and present it to the court within 10 days hereof.