UNITED STATES of America, Plaintiff,

v.

LUN MAY CO., INC., and American Motorists Insurance Company, Defendants.

AMERICAN MOTORISTS INSURANCE COMPANY, Third–Party Plaintiff,

v.

May M. LAM, a/k/a Homay Lam, Third–Party Defendant.

Court No. 86–04–00433.

United States Court of International Trade.

Feb. 11, 1988.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Director, Commercial Litigation Branch, Civ. Div., Dept. of Justice (Nancy E. Reich and Kenneth N. Wolf) New York City, for plaintiff.

Soller, Singer & Horn (William C. Shayne), New York City, for defendant, Lun May Co., Inc.

Russotti & Barrison (Harvey Barrison), New York City, for defendant and third-party plaintiff, American Motorists Ins. Co.

Marshall Beil, New York City, for third-party defendant, May M. Lam.

DiCARLO, Judge:

The United States brings this action pursuant to 28 U.S.C. § 1582(2) (1982) against an importer, Lun May Co., Inc. (Lun May) and its surety, American Motorists Insurance Co. (American Motorists), to recover unpaid liquidated damages relating to the importation of merchandise under an immediate delivery and consumption entry bond. The government moves and each defendant cross-moves for summary judgment. The government's summary judgment motion is granted and defendants' cross-motions are denied.

### Background

The following facts are undisputed. Lun May as principal and American Motorists as surety executed an immediate delivery and consumption entry bond. On six occasions after execution of this bond, foodstuffs were entered under the bond and released to Lun May. The Food and Drug Administration (FDA) took samples from selected shipments of the foodstuffs under the authority of section 801(a) of the Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. § 381(a) (1982). The FDA sent notices of detention and hearing to Lun May, stating the merchandise described therein from the sampled shipments violated section 801(a)(3) of the FDCA and giving Lun May 10 days in which to present oral or written testimony concerning the violation. The notices indicated some sampled merchandise appeared to be adulterated and other samples appeared to be decomposed.

Lun May did not present any testimony, and subsequently the United States Customs Service (Customs) forwarded to Lun May FDA notices of refusal of admission, which required that the merchandise be exported under the supervision of Customs within 90 days. Lun May did not export the merchandise under Customs supervision. Customs issued notices of liquidated damages totalling $50,589.00 and a demand for payment to both defendants. To date neither defendant has paid any part of the liquidated damages, despite additional demands by Customs.

### Discussion

The government asserts the defendants are liable for liquidated damages under paragraph 7 of the bond which, among others, provides for liquidated damages when merchandise found not to comply

with the law and regulations governing its admission into the commerce of the United States is not exported after proper notice. The defendants raise several arguments.

(1)

American Motorists asserts the government is seeking liquidated damages for Lun May's failure to export entire shipments of allegedly tainted merchandise pursuant to notices of refusal of admission. According to American Motorists, the language of the bond and Customs regulations incorporated by reference allow for liquidated damages for entire shipments only pursuant to paragraph 4, and plaintiff is precluded from seeking judgment under paragraph 4 since Customs did not demand redelivery, which is a condition precedent to enforcement of that paragraph.

■ In *United States v. American Motorists Ins. Co.*, 11 CIT —, 680 F.Supp. 1569 (Dec. 23, 1987), the court, confronted with bonds having language identical to that of the bond in this action, examined whether suit is possible only under paragraph 4 and not paragraph 7 if all of the merchandise at issue is tainted. Citing *United States v. Toshoku Am., Inc.*, 11 CIT —, 670 F.Supp. 1006, 1010 (1987), *aff'd on rehearing*, No. 84–11–01590 (CIT Dec. 1, 1987), *appeal docketed*, Nos. 88–1221 and 88–1222 (Fed.Cir. January 28 & 29, 1987), and *United States v. India Food and Gourmet*, 9 CIT 171, 176 (1985), the *American Motorists* court concluded that paragraph 7 is not limited to only partially adulterated shipments. Slip Op. 87–141, at 6. Thus even if certain merchandise denied admission in the present action constituted an entire shipment, suit under paragraph 7 of the bond would not be precluded.

(2)

■ Lun May acknowledges receipt of the notices of refusal to admit but argues that under 19 C.F.R. § 141.113(g) (1985) Customs may only assess liquidated damages under a bond after making a demand for redelivery as set out in 19. C.F.R. § 141.113(b) (1985). Asserting that each entry covered in this action has been liqui-

dated, Lun May claims plaintiff has lost the opportunity to recover under the bond since, pursuant to 19 C.F.R. § 141.113(f) (1985), Customs may not make a demand for redelivery after liquidation.

The defendants in *Toshoku* raised the same argument and the court rejected it. The *Toshoku* court reasoned that the demand for redelivery is used when Customs itself determines that goods should be excluded, but that the decision to exclude contaminated food is solely within the discretion of the FDA and Customs merely enforces the FDA decision. The court found that a demand for redelivery is not a prerequisite to direct exportation in cases where the FDA determines food should be excluded. The court concluded that liquidated damages could be assessed under paragraph 7 where the FDA notice of refusal instructed the principal to export the goods within 90 days, in order to comply with the laws governing its admission, and the principal does not export the merchandise within that time period. Citing *United States v. Utex Int'l Inc.*, 11 CIT —, 659 F.Supp. 250, 253 (1987), *appeal docketed*, No. 87–1414 (Fed.Cir. June 17, 1987), the *Toshoku* court went on to hold that liquidation was not a bar to recovery under the bond in such situations where Customs is enforcing other agencies' orders designed to prohibit adulterated or decomposed matter from entering into the commerce of the United States. *Toshoku*, 11 CIT at —, 670 F.Supp. at 1011; *see also American Motorists*, 11 CIT at —, 680 F.Supp. at 1572.

The Court accepts the reasoning of the *Toshoku* court and rejects Lun May's argument.

(3)

Lun May also contends that it never defaulted on its obligations under paragraph 7 of the bond, claiming that the notices of refusal to admit do not include a proper finding that the merchandise was adulterated, decomposed or otherwise in violation of the laws and regulations governing its admission into the commerce of the United States.

Lun May essentially alleges as a defense the failure of the government to establish the underlying violation. In *United States v. Imperial Food Imports*, 11 CIT ——, ——, 660 F.Supp. 958, 960, *aff'd*, 834 F.2d 1013 (Fed.Cir.1987), the court held that the FDA's finding that imported merchandise appeared to be adulterated under the FDCA is not the subject of an action under 28 U.S.C. § 1582(2). The court reasoned that the government had offered sufficient proof to obligate a surety on the bonds to pay the amount of liquidated damages assessed for noncompliance with notices of redelivery "[s]ince the imported merchandise was refused admission by the FDA, the merchandise was not exported, destroyed or redelivered, and liquidated damages were not paid." *Imperial Food*, 11 CIT at ——, 660 F.Supp. at 960.

■ The present action differs from *Imperial Food* in that the principal rather than the surety is alleging this defense and the liquidated damages were assessed under paragraph 7 for failure to export under Customs supervision as directed by notices of refusal to admit rather than under paragraph 4 for failure to comply with notices of redelivery. These differences, however, do not undermine the holding of *Imperial Food* that the FDA finding may not be challenged in an action under 28 U.S.C. § 1582(2). Similar to that case, the Court finds the government has offered sufficient proof in this action to obligate a principal on the bond to pay the amount of liquidated damages assessed under paragraph 7 where the imported merchandise was refused admission by the FDA, the merchandise was not exported under Customs supervision as directed by the refusals to admit, and liquidated damages were not paid as demanded by Customs. If Lun May wished to challenge the FDA's determination to refuse admission it could have presented oral or written testimony within the 10 days provided by the notices of detention and hearing, or as the government suggests, Lun May could have petitioned for relief from the liquidated damage assessment as provided for in part 172 of 19 C.F.R.

(4)

The Court finds summary judgment in the government's favor in the amount of $50,000.00, the amount guaranteed by the bond and requested by the government. The Court allows post-judgment interest in accordance with 28 U.S.C. § 1961 (1982). The question remaining is whether prejudgment interest should be awarded and, if so, from what date.

■ American Motorists contends the amount of liquidated damages assessed is punitive rather than compensatory and that prejudgment interest may not be awarded on punitive damages. Our appellate court in *Imperial Food* held that reasonable liquidated damages resulting from failure to heed FDA notices of refusal to admit and resulting Customs redelivery notices are not penalties. 834 F.2d at 1016, *see also American Motorists*, 680 F.Supp. at 1572–73. The court found the amount of liquidated damages in that case reasonable because the amount assessed represented the value of the merchandise plus estimated duties, after the importer failed to destroy or export the merchandise refused admission. Similarly, the Court finds the amount of liquidated damages in this case reasonable since it is based on the entered value of only that merchandise denied admission, which Lun May did not export pursuant to Customs supervision as directed.

Our appellate court in *Imperial Food* also recognized that the decision whether to award prejudgment interest in situations such as this is within the trial court's discretion. American Motorists asserts that the Court should not award prejudgment interest in this action because the government delayed a long time in bringing its suit.

In *Imperial Food*, the trial court's award of prejudgment interest from the date of final demand was found not to be an abuse of discretion, even though the government had delayed one year from the date of final demand to bring its suit. The government seeks prejudgment interest in this action from the date of the last of the six separate

demands for payment of liquidated damages, but did not bring its suit to secure such payment until almost 5 years after such date. In light of the exceptionally long time the government delayed in bringing this suit and the lack of clear precedent during that time governing the issues raised herein by defendants, the Court awards prejudgment interest from the date the suit was finally brought, April 4, 1986. *See American Motorists*, 680 F.Supp. at 1573. The rate specified in 26 U.S.C. § 6621 (1982) shall apply.

### Conclusion

Upon reading the pleadings, affidavits and exhibits, and the plaintiff's statement pursuant to Rule 56(i) and the defendants' responses thereto, the Court holds that the government is entitled to judgment as a matter of law, with pre- and post-judgment interest. The government's motion for summary judgment is granted and each defendants' cross-motion for summary judgment is denied. No determination is made as to the cross-claims or counterclaims in this action.

Judgment will be entered accordingly. So ordered.

Upon consideration of plaintiff's motion for summary judgment, each defendant's opposition thereto and cross-motion for summary judgment, and all papers and proceedings had herein, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted;

ORDERED that each defendant's cross-motion for summary judgment is denied; and it is further

ORDERED that judgment be, and hereby is, entered in favor of plaintiff against defendants in the amount of $50,000.00 plus pre-judgment interest from April 4, 1986 as provided in 26 U.S.C. § 6621 (1982) and post-judgment interest as provided in 28 U.S.C. § 1961 (1982).