UNITED STATES, PLAINTIFF *v.* DR. GEORGE REUL AND ST. PAUL FIRE AND MARINE INSURANCE CO., DEFENDANTS

Court No. 85-04-00562

(Decided September 12, 1990)

*Stuart M. Gerson*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Veronica A. Perry*), for plaintiff.

*Nathan, Nathan & Newman Co.* (*Martin R. Nathan*), for defendant Dr. George Reul.

*Sandler & Travis* (*Leonard L. Rosenberg* and *Edward M. Joffe*), for defendant St. Paul Fire & Marine Insurance Co.

DICARLO, *Judge*: The government brings this action under 28 U.S.C. § 1582(2) (1988) to recover liquidated damages for the breach of two Im-

mediate Delivery and Co nsumption Entry Bonds. Defendant St. Paul Fire & Marine Insurance Co., the surety on the bonds, cross moves for summary judgment and for judgment on the pleadings against the importer and principal Dr. George Reul. The government also seeks prejudgment and postjudgment interest.

St. Paul argues this action is barred by the six year statute of limitation, genuine questions of material fact make summary judgment inappropriate and the government is not entitled to prejudgment interest. The Court finds the action is not time barred, there are no material issues of fact and prejudgment and postjudgment interest are appropriate. St. Paul also argues it is entitled to exoneration of Dr. Reul's debt or indemnification for any payments it makes to satisfy the debt. The Court grants the surety's motion for judgment on the pleadings against Dr. Reul.

## BACKGROUND

Dr. Reul imported a 1974 Ferrari automobile on June 14, 1977 and a 1977 Ferrari automobile on November 7, 1978. Dr. Reul declared the automobiles were not in conformity with the applicable Environmental Protection Agency and Department of Transportation standards. The automobiles were conditionally released upon the posting of two Immediate Delivery and Consumption Entry Bonds. St. Paul is the surety on those bonds.

Under the regulations in effect at the time the merchandise was entered, Dr. Reul was required to bring the vehicles into conformity with EPA and DOT regulations within ninety days of their conditional release or such additional time thereafter as Customs granted. See 19 C.F.R. §§ 12.74(c), 12.80(c) (1977 and 1978). Paragraph four of the bond provides for damages for failure to redeliver the non-conforming vehicles:

> (4) And if in any case the above-bounden principal shall redeliver or cause to be redelivered to the order of the district director of customs, on demand by him, in accordance with the law and regulations in effect on the date of the release of said articles, any and all merchandise found not to comply with the law and regulations governing its admission into the commerce of the United States, * * * or, in default of redeliver *after a proper demand* on him, the above-bounden principal shall pay to the said district director such amounts as liquidated damages as may be demanded by him in accordance with the law and regulations, not exceeding the amount of his obligation, for any breach or breaches thereof;

(Emphasis added.)

On March 19 and 20, 1979, Customs sent Dr. Reul notices to redeliver the automobiles within 30 days. To date, the vehicles have not been redelivered. Asserting that Dr. Reul is in breach of the bonds, the government filed this action on April 17, 1985 to recover liquidated damages in the amount of $61,000.

In their answers, Dr. Reul and St. Paul raised numerous affirmative defenses. With the exception of those arguments considered below, those defenses were not argued in the briefs submitted on this motion and cross-motion. Those arguments having been submitted without the support of facts or legal analysis are deemed to have been abandoned. The Court, therefore, does not pass on their merits. Except for an answer, Dr. Reul has not opposed either the government's action or the cross-motion.

DISCUSSION

I. *The Statute of Limitation:*

There is no dispute that a six year statute of limitation governs this action. *See* 28 U.S.C. § 2415(a) (1988). St. Paul argues that the cause of action accrued 90 days after entry of the merchandise because Custom's regulations required redelivery or proof of compliance with EPA and DOT regulations within 90 days of entry unless the District Director of Customs granted an extension. See 19 C.F.R. §§ 12.73, 12.80 (1977 and 1978). The government counters that under paragraph four of the bond, the statute of limitation began to run after the time for redelivery set forth in the demands elapsed. On March 19 and 20, 1979, Customs issued demand notices giving the importer 30 days to redeliver the vehicles.

The Court finds that under paragraph four of the bond the demand notices control the running of the statutory period. This finding is consistent with *United States v. Peerless Ins. Co.*, 12 CIT 1182, 703 F. Supp. 955 (1988). In that case, the court considered a bond with identical language and held that the principal breached the bond on the failure to redeliver in accordance with a notice to redeliver. Here, Customs demanded redelivery on March 19 and 20, 1979. The importer breached the terms of the bond upon his failure to redeliver by April 18 and 19, 1979. The action is timely since the government filed it on April 17, 1985.

II. *Questions of Fact:*

Summary judgment is appropriate where there is no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). To survive a motion for summary judgment, the opposing party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 587. The non-movant may not rest on its conclusory pleadings but must set out what specific evidence could be offered at trial. *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562–63 (Fed. Cir. 1987).

St. Paul asserts that Dr. Reul will present evidence that one of the imported vehicles was destroyed and the other was brought into compliance. Neither defendant has submitted any evidence to substantiate the claim that one of the automobiles was brought into compliance with EPA and DOT regulations. Nevertheless, according to St. Paul, this as-

sertion creates issues of material fact precluding summary judgment. St. Paul's claim, without some specific facts indicating when or how the vehicle was brought into compliance, is insufficient to raise an issue of material fact. Furthermore, the Court notes this action is predicated on the importer's failure to redeliver the vehicles in compliance with the redelivery notices. The fact that the importer may have complied with EPA and DOT regulations does not eliminate a cause of action for liquidated damages based on the failure to redeliver in accordance with the terms of the bond.

Under Customs' regulation controlling the destruction of prohibited merchandise:

> Merchandise regularly entered or withdrawn for consumption in good faith and denied admission into the United States by any Government agency after its release from Customs custody, pursuant to a law or regulation in force on the date of entry or withdrawal for consumption, may be destroyed *under Government supervision*. In such case, the destroyed merchandise is exempt from duty and any duties collected thereon shall be refunded.

19 C.F.R. § 158.41 (1990) (emphasis added). There is no evidence indicating that the automobile was destroyed under government supervision. Assuming the vehicle was destroyed, defendants have offered no reason for the failure to destroy it under government supervision. St. Paul asserts that Dr. Reul will claim that the vehicle was sold for parts. Nevertheless, there is no evidence of this sale or whether it would qualify as the destruction of the automobile. St. Paul's claim, therefore, does not raise a genuine issue of material fact.

St. Paul has not come forward with specific facts showing that there is a genuine issue for trial. *See Zenith Radio*, 475 U.S. at 587. The Court finds it is not precluded from granting the government's motion for summary judgment on the basis of St. Paul's unsubstantiated claims.

III. *Postjudgment and Prejudgment Interest:*

The government is statutorily entitled to postjudgment interest. 28 U.S.C. § 1961 (1988); *see also United States v. Lun May Co.*, 12 CIT 123, 680 F. Supp. 1573, 1576 (1988) *appeal docketed*, No. 88–1343 (Fed. Cir. May 9, 1988), *vacated by order as per stipulation* (CIT Feb. 28, 1990) (unpublished); *United States v. Imperial Food Imports*, 11 CIT 254, 256, 660 F. Supp. 958, 961, *aff'd*, 6 Fed. Cir. (T) 37, 834 F.2d 1013 (1987).

The government is also seeking prejudgment interest from the date of the breach. The equitable powers of this court give it discretion to award prejudgment interest. *United States v. Imperial Food Imports*, 6 Fed. Cir. (T) 37, 41, 834 F.2d 1013,1016 (Fed. Cir. 1987). In this case, the breach of the bond was clear. Customs did not unreasonably delay issuing notices to redeliver or in bringing this action. Under these circumstances, the United States should be compensated for the lost use of the money to which it has been entitled since April 19 and 20, 1979. Prejudgment interest is appropriate to reimburse the government for what amounts to a loan to the defendants. *Id.*; *accord Wallace Berrie & Co. v.*

*United States,* 12 CIT 103, Slip Op. 88–15, 9 (Feb. 9, 1988). Prejudgment interest is awarded to plaintiff from April 20, 1979 at the rate set forth in 26 U.S.C. § 6621 (1988). *Imperial Food Imports,* 11 CIT at 254, 660 F. Supp. at 961.

IV. *Discharge of Surety:*

A surety is discharged of its obligation to the principal when the principal's creditor imposes a new date for performance by the principal to the prejudice of the surety without the surety's consent. *See generally* 72 C.J.S. *Principal and Surety* §§ 128-149 (1987); J. Elder, Stearns' The Law of Suretyship § 6.16 (1972). St. Paul argues the government discharged its obligations under the bond by extending the time in which Dr. Reul could bring the automobiles into compliance with EPA and DOT regulations.

This action is based upon the principal's failure to comply with a demand for redelivery within 30 days. The fact that Customs may have granted an extension of time in which to comply with EPA and DOT regulations does not affect St. Paul's obligations under the bond. Customs did not extend the time for performance beyond the period established in the bond.

St. Paul entered this agreement with full knowledge of paragraph four of the bond. St. Paul agreed to serve as a surety on a bond giving Customs some discretion to choose the time at which the principal becomes liable for liquidated damages. Consequently, there was no increased risk to St. Paul and it is not discharged of its obligations under the bond.

V. *St. Paul's Motion for Judgment on the Pleadings or Summary Judgment Against Dr. Reul:*

Pursuant to Rule 12(c) of the Rules of this Court, St. Paul moves for judgment on the pleadings or summary judgment in its cross-claim against Dr. Reul for exoneration or indemnification. Dr. Reul has not submitted an answer to the cross-claim and has also failed to submit any brief in opposition to this motion.

Absent an express agreement to the contrary, a contract of suretyship includes an implied contract that the principal will indemnify the surety for any payment made to the creditor under the suretyship agreement. *United States v. Griffin,* 707 F.2d 1477, 1481 (D.C. Cir. 1983); *United States v. Frisk,* 675 F.2d 1079,1082 n.6 (9th Cir. 1982). There being no genuine questions of material fact, St. Paul's motion for judgment on the pleadings for indemnification is granted.

CONCLUSION

This action to recover on an entry bond accrued on April 19 and 20, 1979, thirty days after the government gave the importer notice to redeliver the vehicles. As it was filed on April 17, 1985 this action is not barred by the six year statute of limitation. The Court finds there are no genuine issues of material fact and the government is entitled to pay-

ment of liquidated damages. There are also no genuine issues of material fact as to St. Paul's cross-motion for indemnification. The government's motion for summary judgment is granted and St. Paul's cross-motion for judgment on the pleadings is also granted.

St. Paul also seeks reimbursement for attorney's fees and expenses from Dr. Reul under the indemnification agreement. As the Court has no information regarding the amount of fees and expenses sought, it declines to rule on the motion. Pursuant to Rule 68 of the Rules of Court, St. Paul has 30 days in which to present an application for fees.