### UNITED STATES, PLAINTIFF *v.* DR. GEORGE REUL AND ST. PAUL FIRE AND MARINE INSURANCE CO., DEFENDANTS

Court No. 85–04–00562

(Decided September 9, 1992)

*Stuart M. Gerson*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Bruce N. Stratvert*), for plaintiff.

*Nathan, Nathan & Newman Co.* (*Martin R. Nathan*), for defendant Dr. George Reul.

*Sandler, Travis & Rosenberg, P.A.* (*Leonard L. Rosenberg*), for defendant St. Paul Fire & Marine Insurance Co.

### MEMORANDUM OPINION AND ORDER

DiCARLO, *Chief Judge:* This action is before the court upon remand from the Court of Appeals for the Federal Circuit to determine the date from which the prejudgment interest should begin to accrue. *United States v. Reul & St. Paul Fire and Marine Ins. Co.*, No. 91–1264 (Fed. Cir. April 2, 1992). Previously, the court awarded liquidated damages to the government against defendants on an entry bond including prejudgment interest running from thirty days after the notice of redelivery to the importer. *United States v. Reul & St. Paul Fire and Marine Ins. Co.*, 14 CIT 661, Slip Op. 90–92 (Sept. 12, 1990). The Federal Circuit stated, however, that St. Paul Fire and Marine Insurance Company, the surety, cannot be held responsible for the interest on the principal's debt until demand is made upon the surety for payment of the principal's obliga-

tion. The action was remanded to this court because it is within this court's discretion exercising its equitable powers to determine when interest should begin to accrue. *See United States v. Imperial Food Imports*, 6 Fed. Cir. (T) 37, 41, 834 F.2d 1013, 1016 (1987).

Subsequent to the decision by the Federal Circuit, counsel for the government and the surety filed letters expressing their respective positions as to when the interest should begin to accrue. The government asserts the interest should accrue from August 17, 1984 when demand was made upon the surety. The surety claims the interest should not accrue until December 19, 1984, the date on which it received a final response to its mitigation petitions.

While in principle prejudgment interest may be imposed after the demand was made on the surety, the courts have refused to award prejudgment interest from the date of demand if the government's laxness caused delay in the proceedings. *See, e.g., United States v. Stavros Angelakos & American Motorists Ins. Co.*, 12 CIT 515, 688 F. Supp. 636 (1988); *United States v. Lun May Co. & American Motorists Ins Co.*, 12 CIT 123, 680 F. Supp. 1573 (1988). Here, the court previously found that Customs did not unreasonably delay issuing notices of redelivery or in bringing the action. Slip Op. 90–92 at 6. In the absence of any evidence of the government's laxness in pursuing this action, the court, in exercising its discretion, awards prejudgment interest to the government from August 17, 1984, when the demand was made upon the surety.