RICO IMPORT CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91-01-00070

(Dated March 18, 1993)

Glad & Ferguson (*Edward N. Glad*), for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Carla Garcia-Benitez*); *Arlene Klotzko*, Office of Assistant Chief Counsel, United States Customs Service, of counsel, for defendant.

## OPINION AND ORDER

CARMAN, *Judge*: Defendant moves to alter or amend the order attached to the judgment in Slip-Opinion 92–146, issued on August 27, 1992. The proposed alteration or amendment would replace the order's final paragraph with the following:

> ORDERED, ADJUDGED AND DECREED that plaintiff shall pay the United States the difference between the amount originally assessed upon the liquidation of the imported merchandise, and the amount found to be owing upon reliquidation, as well as interest on that amount, at the rate provided by 28 U.S.C. § 1961 (1988), from the date of this order, August 27, 1992, up to the date of payment.

In essence, the government seeks post-judgment interest on amounts due from the plaintiff from the date of judgment.

Plaintiff, however, contends defendant is not entitled to post-judgment interest. Plaintiff asserts post-judgment interest is not available to defendant for the following reasons: (1) there is no statutory authority for awarding the government post-judgment interest in the Court of International Trade when the government is a defendant; (2) the interest due, if any, is only available when the amount owing has been ascertained upon reliquidation; and (3) because the government has delayed reliquidating the subject merchandise, equity and fairness require the Court to strictly adhere to 19 U.S.C. § 1505(c) and allow plaintiff to pay any amounts owing without interest from the date of reliquidation. For the reasons set forth below, the Court does not find plaintiff's contentions persuasive.

Post-judgment interest is available "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (1988). This Court has consistently recognized the availability of post-judgment interest to prevailing parties under 28 U.S.C. § 1961(a). *See United States v. Imperial Foods Imports*, 11 CIT 254, 256, 660 F. Supp. 958, 961, *aff'd*, 6 Fed. Cir. (T) 37, 834 F.2d 1013 (1987); *United States v. B.B.S. Elects. Int'l, Inc.*, 9 CIT 561, 567–68, 622 F. Supp. 1089, 1095 (1985); *United States v. Atkinson*, 6 CIT 257, 261–62, 575 F. Supp. 791, 795 (1983); *United States v. Servitex, Inc.*, 3 CIT 67, 68, 535 F. Supp. 695, 696 (1982). Notwithstanding the clear statutory authority for awarding

post-judgment interest in this Court, "even in the absence of statutory authority, interest may be recovered on money due the United States." *United States v. Goodman*, 6 CIT 132, 139–40, 572 F. Supp. 1284, 1289 (1983) (citing *Billings v. United States*, 232 U.S. 261 (1914) and *United States v. Abrams*, 197 F.2d 803, 805 (6th Cir.), *cert. denied*, 344 U.S. 855 (1952)).

In addition, case law indicates post-judgment interest is available in the Court of International Trade as a matter of right to prevailing parties. The Court does not have to assess the equities of awarding post-judgment interest as it would when making a discretionary award of *pre-judgment* interest. *See, e.g., Imperial Foods Imports*, 11 CIT at 256–57, 660 F. Supp. at 961 (contrasting the general availability of post-judgment interest under 18 U.S.C. § 1961 and the discretionary availability of pre-judgment interest based on the equities); *B.B.S. Elects. Int'l.*, 9 CIT at 567, 622 F. Supp. at 1095; *Atkinson*, 6 CIT at 261–62, 575 F. Supp. at 795–96. Accordingly, the Court finds defendant is entitled to post-judgment interest as of the date of the Court's judgment on August 27, 1992.

## CONCLUSION

The Court holds defendant is entitled to post-judgment interest on the difference between the duties originally assessed upon the liquidation of the imported merchandise and the amount found to be owing upon reliquidation from the date of judgment, August 27, 1992.

It is hereby ordered that the order accompanying Slip Opinion 92–146 shall be amended as follows: (1) the order's final paragraph that reads "ORDERED, ADJUDGED AND DECREED that Plaintiff shall pay the United States the difference between the amount originally assessed upon the liquidation of the imported merchandise and the amount found to be owing upon reliquidation" shall be deleted; and (2) the order's final paragraph shall now state "ORDERED, ADJUDGED AND DECREED that Plaintiff shall pay the United States the difference between the amount originally assessed upon the liquidation of the imported merchandise, and the amount found to be owing upon reliquidation, as well as interest on that amount, at the rate provided by 28 U.S.C. § 1961(1988), from the date of this order, August 27,1992, up to the date of payment."