60 CCPA

UNITED MERCHANTS, INC., Appellant,

v.

UNITED STATES, Appellee.

Customs Appeal No. 5499.

United States Court of Customs and Patent Appeals.

Nov. 2, 1972.

Sharretts, Paley, Carter & Blauvelt, New York City, attorneys of record, for appellant. Eugene F. Blauvelt, New York City, of counsel.

E. Grey Lewis, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Martin L. Rothstein, Bernard J. Babb, New York City, of counsel.

Before MARKEY, Chief Judge and RICH, ALMOND, BALDWIN and LANE, Judges.

MARKEY, Chief Judge.

This is an appeal from the decision and judgment of the United States Customs Court, 67 Cust.Ct. 413, 337 F. Supp. 452, C.D. 4307 (1971), sustaining the collector's classification of imported polyester panels under TSUS item 367.-60 as furnishings of textile materials, not ornamented, of man-made fibers, not knit, nor of pile construction, nor of glass. We affirm.

The merchandise consists of plain panels, a form of curtain, composed in chief value of polyester fabric which was woven from a polyester yarn spun from man-made fibers of polyester.

Appellant contends the merchandise was properly dutiable either under TSUS item 772.35 or, alternatively, under TSUS item 367.65. The pertinent statutory provisions read as follows:

Schedule 3.—TEXTILE FIBERS AND TEXTILE PRODUCTS

\* \* \* \* \* \*

Part 5.—TEXTILE FURNISHINGS

\* \* \* \* \* \*

Subpart C.—Tapestries, Linens, and Other Furnishings

\* \* \* \* \* \*

Other furnishings, not ornamented:
Of vegetable fibers:

\* \* \* \* \* \*

Of wool:

\* \* \* \* \* \*

Of silk:

\* \* \* \* \* \*

Of man-made fibers:

| | | | | |
|---|---|---|---|---|
| \* \* \* | Knit (except pile or tufted | | | |
| \* \* \* | construction) ............... | | \* \* \* |
| | Pile or tufted construction ...... | | \* \* \* |
| | Other: | | |
| \* \* \* | Of glass ................. | | \* \* \* |
| 367.60 | Other ...................25¢ per lb. | | |
| | | +24.5% ad val. | |
| 367.65 | Other ...................14% ad val. | | |

Schedule 7.—SPECIFIED PRODUCTS; MISCELLANEOUS AND NONENUMERATED PRODUCTS

\* \* \* \* \* \*

Part 12.—RUBBER AND PLASTICS PRODUCTS

\* \* \* \* \* \*

Subpart C.—Specified Rubber and Plastics Products

\* \* \* \* \* \*

772.35  Curtains and drapes, including panels and valances; napkins, table covers, mats, scarves, runners, centerpieces, antimacassars, and furniture slipcovers; and like furnishings; all the foregoing of rubber or plastics ......................10% ad val.

The record consists of the pleadings, a representative sample of the goods and the incorporated record of R. H. Macy & Co., Inc. v. United States, 428 F.2d 856, 57 CCPA 115, C.A.D. 988 (1970).

In the opinion below the Customs Court held the decision of this court in *Macy* [1] controlling with respect to appellant's claim under item 772.35 and summarily rejected it. Appellant's argu-

---

1. In *Macy* this Court affirmed the classification under 367.60, holding that curtains of *woven* plastic material were correctly classified under the man-made fibers provisions of schedule 3 and that item 772.35 of schedule 7 covered only plastic curtains in non-woven form, such as in sheet form.

ment that the reasoning of *Macy*[2] requires classification of the merchandise as curtains of fabric under item 367.65 on the basis that the term "man-made fibers" is restricted to filaments, strips, and fibers as defined in schedule 3, subpart 1E[3] was held contrary to the legislative intent behind those portions of the textile schedule covering woven fabrics, fabrics of special construction, textile furnishings, wearing apparel, and other textile products. The court stated:

> \* \* \* It is manifest that in using the terms vegetable fibers, wool, silk, and man-made fibers in co-ordinate inferior headings, Congress was referring to a basic material, whether in fiber form or further processed into yarn or woven into fabric, and intended to include the articles enumerated thereunder when "of" that basic material whether or not processed. *Cf.* Kayser & Co. (Inc.) v. United States, 13 Ct.Cust.Appls. 474, T.D. 41367 (1926).

Noting appellant's concession that the other terms such as "of vegetable fibers" include every stage of processing and its attempted distinction as to "of man-made fibers" on the basis of definition in schedule 3, subpart 1E, the Customs Court concluded:

> \* \* \* Such a construction would lead to an absurdity in that, for example, curtains composed of cloth made of yarn spun from vegetable fibers would be classifiable as curtains of vegetable fibers but curtains composed of cloth made of yarn spun from man-made fibers would not be classed as curtains of man-made fibers but would be relegated to a residual provision "other". Such a result is not in accord with a harmonious or commonsense reading of the statutory scheme and cannot be attributed to Congress.

■ Regarding the claim under item 772.35, the factual situation and legal issue of *Macy* are admittedly identical with those now before us. Appellant has presented no new evidence or arguments[4] which might lead us to find "clear error" in our earlier decision such as to justify our ignoring the rule of *stare decisis*. A readjudication of issues previously determined demands a clear and convincing showing of error, a requirement not satisfied by reargument of the former issues on the same record. United States v. Dodge & Olcott, Inc., 47 CCPA 100, 103, C.A.D. 737 (1960). The decision in *Macy* is controlling as to item 772.35.

■ Turning to the claim under item 367.65, we find the primary issue to lie in whether the term "man-made fibers" as employed in the coordinate heading has been restricted by statutory definition to those basic forms enumerated in headnote 2a, schedule 3, subpart 1E. If so, curtains made from the further processed form of woven fabric could not properly be classified under the provision calling for a material "of man-made fibers".

We agree with the lower court that the statutory construction urged by appellant can not be adopted. While it is true that subpart 1E of schedule 3 sets out that "For the purposes of the tariff schedules, the term 'manmade fibers' re-

---

2. In *Macy* this Court concluded that the term "plastics" as employed in part 12 of schedule 7 was not intended to cover all forms of synthetic plastic materials. "Plastics" converted into textile materials were properly described for tariff purposes as man-made fibers.

3. PART 1.—TEXTILE FIBERS AND WASTES; YARNS AND THREADS
    \*     \*     \*     \*     \*

Subpart E.—Manmade Fibers
*Subpart E headnotes:*
   \*      \*      \*      \*      \*
  2. (a) For the purposes of the tariff schedules, the term "man-made fibers" refers to the filaments, strips, and fibers covered in this subpart.

4. At oral hearing appellant stated that it was not pressing this claim.

fers to the filaments, strips, and fibers covered in this subpart", no basis exists for the interpretation that these basic forms can not be further processed and remain classified as being "*of* man-made fibers" (emphasis ours).

Instead we find a clear legislative intent to encompass all forms of the basic material under the heading "of man-made fibers", as held by the lower court. As pointed out by the Government, the strict construction urged by appellant would in effect render nugatory and hollow many of the provisions calling for specific articles "of man-made fibers". In addition we note that the scope of entire subpart 3E of schedule 3 (Woven fabrics, of man-made fibers) would be sorely restricted since, as appellant stresses and the record supports, many woven fabrics are manufactured from an intermediate yarn form and not from the fibers per se.

 Appellant contends that the recognition of yarns and woven fabrics as distinct materials in certain portions of the tariff schedules requires the application of the general principle that once a material is manufactured or processed into something else recognized in the trade and given a specific tariff status by name, the product for tariff purposes is no longer that material. Valentina, Ltd. v. United States, 65 Cust.Ct. 19, 21, 314 F.Supp. 781, C.D. 4046 (1970); and Venetianaire Corp. of America v. United States, 66 Cust.Ct. 125, 128 C. D. 4180 (1971).

In *Valentina* and *Venetianaire* that principle was deemed controlling when specific provisions for *articles* made of the further processed material were competing with specific provisions for similar *articles* of the basic component. We find no provisions in the schedules for curtains or "furnishings" or any other articles of yarn spun from man-made fibers or fabrics woven from these intermediate yarns. The residual provision for "other" can not be considered as giving these forms a specific tariff status *by name*. Nor can the per se pro-

visions for yarns of man-made fibers in part 1 of schedule 3 or for woven fabrics of man-made fibers in part 3 create a specific status for futher processed materials when used in the manufacture of articles covered by succeeding portions of schedule 3.

The judgment is affirmed.

Affirmed.