The UNITED STATES, Plaintiff,

v.

Keith W. ATKINSON, and St. Paul Fire & Marine Insurance Company, Defendants.

Court No. 82–12–01742.

United States Court of International Trade.

Nov. 21, 1983.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C. (Joseph I. Liebman, New York City, Atty. in Charge, International Trade Field Office, Commercial Litigation Branch and Michael P. Maxwell, New York City, on the briefs), for plaintiff.

Glad, White & Ferguson, Los Angeles, Cal. (Robert Glenn White, Los Angeles, Cal., on briefs), for defendants.

## MEMORANDUM OPINION

BOE, Judge:

In the above-entitled action, plaintiff has filed a motion for summary judgment to collect $13,700 in liquidated damages, jointly and severally, from named defendants Keith W. Atkinson and St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul"). Defendant St. Paul in response to this motion contends that:

1. there are genuine issues of material fact yet to be tried or otherwise established, and

2. plaintiff has not complied with applicable and controlling statutes and regulations, and

3. the plaintiff has failed to state a claim upon which relief can be granted in that its claim is barred by the statute of limitations.

Notwithstanding its contention that genuine issues of material fact exist which St. Paul asserts in opposition to plaintiff's motion for summary judgment, St. Paul cross moves for judgment on the pleadings. St. Paul predicates its motion on the grounds that the undisputed facts appearing from the pleadings entitle it to judgment.

St. Paul has further filed a cross claim against Atkinson to compel payment and for indemnity for any monies collected by the plaintiff in this action.

The facts alleged by the plaintiff and admitted by the defendant in its answer are set forth in pertinent part:

Defendant St. Paul, as surety, and Atkinson, as principal, executed, and delivered to plaintiff on or about February 10, 1975 an Immediate Delivery and Consumption Entry Bond covering "an application dated January 29, 1975, for special permit to land and deliver immediately certain articles expected to arrive at the port of Portland, Oregon...." Under the terms of the bond, Atkinson and St. Paul jointly and severally guaranteed to pay liquidated damages to the District Director of Customs if the principal did not timely redeliver the imported merchandise after a proper demand by Customs.

On February 12, 1975, Atkinson entered three automobiles into the United States and made a statement maintaining that they conformed with applicable Federal Motor Vehicle Safety Standards. The Office of Standards Enforcement notified Atkinson on February 28 and June 19, 1975 that the aforementioned statement was not acceptable to the Department of Transportation.

The Customs Service mailed a Notice of Redelivery to Atkinson on December 14, 1976, ordering him to redeliver the automo-

biles to Customs custody within five days. Atkinson never redelivered the automobiles.

On December 20, 1976, and February 22, March 7 and March 24, 1978, the District Director's office mailed demands for payment of liquidated damages in the amount of $13,700 to Atkinson at his last known address. A Customs Service Agent personally served defendant Atkinson with a copy of the notice on February 27, 1978.

Atkinson filed a petition for relief with the District Director of Customs on April 24, 1978. The District Director agreed to mitigate the full claim to $3000 provided that amount was paid within thirty days. When neither Atkinson nor St. Paul paid the mitigated amount, Customs sent a formal bill for the full amount of liquidated damages to the principal on November 24, 1978.

By letters of July 18, 1979, and October 20 and December 27, 1981, Customs attempted unsuccessfully to collect the liquidated damages from defendant St. Paul. Plaintiff brought this action to recover liquidated damages on the surety bond on December 17, 1982.

A motion for summary judgment may be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(d) of the Court of International Trade Rules. In its opposition to plaintiff's motion St. Paul contends that genuine issues of material fact exist and proceeds to assert facts raising defenses not previously pleaded in its answer to plaintiff's complaint.

St. Paul claims that the Customs Service "has failed to comply with applicable and controlling statutes and regulations," including:

1. 19 C.F.R. § 113.52
2. 19 C.F.R. § 141.113(b), (f)
3. 19 C.F.R. §§ 172.1–.2

 The defense of failure to comply with regulations is considered an affirmative defense. *Dorsey & Co. v. Banque National de la Republic D'Haiti*, 393

F.Supp. 893, 897–98 & n. 6 (S.D.N.Y.1975). *See St. Paul Fire & Marine Insurance Co. v. United States*, 370 F.2d 870 (5th Cir. 1967). If St. Paul desired to assert facts which put plaintiff's failure to follow its own regulations in issue, it should have so pleaded in its answer. "In pleading to a preceding pleading, a party shall set forth affirmatively ... illegality, laches, ... statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense." Rule 8(d) of the Court of International Trade Rules. The failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1278 (1969). *See Trio Process Corp. v. L. Goldstein's Sons, Inc.*, 461 F.2d 66 (3d Cir. 1972); *RCA v. Radio Station KYFM, Inc.*, 424 F.2d 14 (10th Cir.1970); *Albee Homes, Inc. v. Lutman*, 406 F.2d 11 (3d Cir.1969); *Roe v. Sears, Roebuck & Co.*, 132 F.2d 829 (7th Cir.1943).

 Defendant has not sought to institute these affirmative defenses by pursuing the remedy available to it by moving at any time prior to judgment for leave to amend its answer under Rule 15(a) of this court. Counsel for St. Paul in reply to plaintiff's opposition to the motion for judgment on the pleadings insists on the right to initially assert the affirmative defenses in question in its motion for judgment on the pleadings and in its response to plaintiff's motion for summary judgment. It appears that counsel endeavors to satisfy the plaintiff's objections by stating in its reply that "the appropriate pleadings should be deemed amended." However, established rules and principles of pleading and practice cannot be the subject of modification or disregard by litigants. A statement that pleadings may be deemed amended is not a substitute in an action of this character for a motion directed to this court for allowance to amend the answer stating the specific manner and form of the intended amendments. Rule 15(a) of the

Court of International Trade Rules.[1] Since these defenses accordingly are excluded from this action, the facts relating thereto alleged in defendant's response to plaintiff's motion for summary judgment do not constitute genuine issues to be tried.

Defendant St. Paul has raised two affirmative defenses in its answer:

1. the statute of limitations, and
2. the failure to state a claim upon which relief can be granted.

Both defenses are predicated upon 28 U.S.C. § 2415 which states:

> [E]very action for money damages brought by the United States on an officer or agency thereof which is founded upon any contract express or implied by law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ...

■ The agreed facts indicate that the defendants executed the Immediate Delivery Consumption Entry Bond on February 10, 1975, took custody of the subject merchandise in the United States on February 12, 1975, and failed to redeliver the merchandise within five days of the mailing of the redelivery order (December 19, 1976). Plaintiff initiated this action by the filing of a summons and complaint on December 17, 1982.

When the defendants signed the bond in question, they entered into a contract with the government to redeliver the subject merchandise upon the request of Customs. Defendants breached the bond agreement when they failed to so redeliver the merchandise to Customs. It is a general rule that "the statute of limitations begins to run on the date that a cause of action for breach accrues, which is ordinarily the time of the breach of the agreement." *Schmidt v. McKay*, 555 F.2d 30, 34 (2d Cir.1977). *See Sven Salem AB v. Jacq. Pierot, Jr. & Sons, Inc.*, 559 F.Supp. 503 (S.D.N.Y.1983); *U.S. v. Cardinal*, 452 F.Supp. 542 (D.Vt. 1978).

The cause of action against the defendants in this case accrued on December 19, 1976. The summons and complaint filed on December 17, 1982, accordingly, was within the six year limitation period provided by 28 U.S.C. § 2415.

■ Customs Regulation 19 C.F.R. § 141.113(g) provides for the assessment of liquidated damages when an importer fails to comply with a demand to redeliver merchandise. Defendant St. Paul has admitted that it bound itself to pay liquidated damages to the District Director of Customs if the merchandise was not timely redelivered to Customs after a proper demand was made to the principal. The facts alleged in plaintiff's complaint and admitted by answer establish the liability of St. Paul for the liquidated damages sought by the plaintiff. *See United States v. Dieckerhoff*, 202 U.S. 302, 26 S.Ct. 604, 50 L.Ed. 1041 (1906).

Defendant St. Paul couples a "Motion for Judgment on the Pleadings" with its "Statement Of Material Facts Of Which There Are Genuine Issues To Be Tried." Asserting in its cross motion that the undisputed facts appearing from the pleadings entitle it to judgment as a matter of law, St. Paul reiterates the identical affirmative defenses maintained in its response to plaintiff's motion for summary judgment. The reassertion of the affirmative defenses in St. Paul's cross motion, predicated upon the existence of undisputed facts appearing from the pleadings, can receive no more favorable reception by the court than in its previous determination herein with respect to those identical defenses in St. Paul's opposition to plaintiff's motion for summary judgment.

Plaintiff states in its motion for summary judgment that it did not serve process on Atkinson. Consequently, Atkinson has not been made a co-defendant in this action. It follows that the United States may not have summary judgment, jointly and severally, against St. Paul and Atkinson.

---

1. The right of the plaintiff under the rules of court to respond to a motion for allowance to amend cannot be abrogated by the defendant's assertion in a reply that its prior pleading might be deemed amended.

The judgment sought in this action can only lie against St. Paul.

■ St. Paul, however, has filed a cross claim against Atkinson to compel payment and for indemnity for any monies collected by the plaintiff. The rules of this court permit cross claims only against co-parties to an action. Rule 13(f) of the Court of International Trade Rules. Since Atkinson is not a party to this action, he is not subject to a cross claim by St. Paul. Nor can Atkinson be deemed to have been joined as a third party defendant.

The rules of this court provide that a defending party, as a third party plaintiff, may "cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Rule 14(a) of the Court of International Trade Rules.

Counsel for St. Paul has attached three certificates of service to its purported cross claim stating that Atkinson had been served *by mail* at three different addresses on January 20, 1983. Rule 4(d)(7) of this court permits service in a manner prescribed by the law of the state in which service is made. The State of California, situs of service, allows service by mail. "A summons may be served by mail as provided in this section." *Cal. Civ. Proc. Code* § 415.30 (West 1973). This statute, however, requires the person served to return an acknowledgment of receipt.[2] "No judgment can be rendered against the defendant on the basis of mere mailing of a summons, for proof of service requires the receipt of the acknowledgment." 21 *Hastings L.J.* 1281, 1288 (1970). *See Cal. Civ. Proc. Code* § 417.10 (West 1973). Defendant St. Paul's proof of service does not include any acknowledgment of a receipt of

summons. Accordingly, this court has not acquired jurisdiction over the person of Atkinson, necessary to a consideration of St. Paul's claim in reimbursement against him.

Plaintiff has requested in his motion for summary judgment pre- as well as post judgment interest in accordance with the rate provided in 28 U.S.C. § 2644. As the government correctly acknowledges, the provisions in 19 U.S.C. § 580 are inapplicable for the reason that this action is to recover liquidated damages, not duties.

■ 28 U.S.C. § 2644 specifically relates to the award of interest upon monetary relief received "in a civil action in the Court of International Trade under section 515 of the Tariff Act of 1930." This court is not of the opinion that the provisions of the foregoing statute are applicable to a monetary judgment received in an action brought under 28 U.S.C. § 1582.[3]

■ Congress, however, in 28 U.S.C. § 1961 has mandated a general interest provision applicable to all federal district courts. Since no other comparable general interest provision has been specifically enacted for this court, the statutory interest rate provided in 28 U.S.C. § 1961 properly may be utilized in this action upon the award of a monetary judgment. *See United States v. Servitex, Inc.*, 3 CIT 67, 535 F.Supp. 695 (1982).

■ No specific statute provides for the recovery of prejudgment interest in an action of this character. "In the absence of a statutory provision the award of prejudgment interest is in the discretion of the court." *Payne v. Panama Canal Co.*, 607 F.2d 155, 166 (5th Cir.1979). *See United States v. California State Board of Equalization*, 650 F.2d 1127 (9th Cir.1981). The need to compensate an injured plaintiff

---

**2.** "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." *Id.* § 415.30(c).

"If service is made by mail pursuant to Section 415.30, proof of service shall include the acknowledgment of receipt of summons in the form provided by that section or other written

acknowledgment of receipt of summons satisfactory to the court." *Id.* § 417.10(a).

**3.** The court recognizes the decision made in *United States v. Goodman*, 572 F.Supp. 1284 (1983) but is not inclined to follow the *discretion* utilized by the court in that decision in applying section 2644.

is the major factor in determining whether prejudgment interest should be awarded. *Payne,* 607 F.2d at 166. Since any injury to the plaintiff is in good measure related to its own laxness in initiating this action, fairness does not dictate the granting of prejudgment interest to the plaintiff.

By reason of the foregoing the court determines that a judgment should be entered herein providing:

1. That plaintiff's motion for summary judgment against the defendant St. Paul be granted and that the plaintiff, accordingly, be granted judgment against the defendant St. Paul in the sum of $13,700 together with interest thereon from and after the date of entry of this judgment at the rate of interest provided in 28 U.S.C. § 1961.

2. That the motion for judgment on the pleadings of the defendant St. Paul be denied.

3. That the cross claim of the defendant St. Paul against Keith W. Atkinson be dismissed, without prejudice, for lack of jurisdiction over the person Atkinson.

Let judgment be entered accordingly.