CONVERTORS DIVISION OF AMERICAN HOSPITAL SUPPLY CORPORATION, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

Appeal No. 88–1185.

United States Court of Appeals, Federal Circuit.

Nov. 16, 1988.

Allan H. Kamnitz, Sharretts, Paley, Carter and Blauvelt, P.C., New York City, argued for plaintiff-appellant. Donald W. Paley and Ned H. Marshak, Sharretts, Paley, Carter and Blauvelt, P.C., were on the brief for plaintiff-appellant.

Mark S. Sochaczewsky, Commercial Litigation Branch, Dept. of Justice, of New York City, argued for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Attorney in Charge, International Trade Field Office.

Before MARKEY, Chief Judge, NIES and MICHEL, Circuit Judges.

MICHEL, Circuit Judge.

## DECISION

Convertors Division of American Hospital Supply Corporation (Convertors) appeals the decision of the Court of International Trade, 680 F.Supp. 1562 (Ct.Int'l Trade 1987), granting the government summary judgment in Convertors' action protesting the classification of Convertors' headwear as "headwear, of man-made fibers," Item 703.15, T.S.U.S.,* instead of as "other headwear," Item 703.75, T.S.U.S. We affirm.

### *Background*

This classification dispute involves disposable headwear produced from a nonwoven material, textile thread, and for some styles, rubber elastic. Convertors ordered the nonwoven material from another company which manufactured the material in accordance with Convertors' specifications. Convertors then cut the material at its plant and sent the material to Mexico where it was assembled into headwear.

The nonwoven material was produced by combining woodpulp; shortlength, uncrimped and untwisted polyester fibers; resin binders; and fire retardants to create a "web" utilizing a wet forming process.

The polyester fibers reinforce the web material and reduce the stiffness that would otherwise result from using an all woodpulp web. Both parties agree that the most costly substance in the headwear is the polyester.

Because the headwear contained polyester fibers, the Customs Service classified Convertors' headwear as "headwear, of man-made fibers: not in part of braid: not knit." Item 703.15, T.S.U.S. Under this classification, the headwear was subject to a duty of 25 cents per pound plus 20 percent *ad valorem.* Convertors argued that the polyester fibers in this headwear were not suitable for the manufacture of textiles and thus could not meet the definition for man-made fibers as specified under T.S. U.S. Schedule 3, Part 1, Subpart E., 2.(a). Convertors asserted in the alternative that its product was in chief value paper. Since no specific tariff classification exists for "headwear, of paper," Convertors argued its headwear should have been classified as "other headwear," Item 703.75, T.S.U.S., which was subject to a duty of 8.5 percent *ad valorem.*

Both parties moved for summary judgment. The Court of International Trade granted the government's motion because it held the polyester fibers in the headwear were man-made fibers for the purposes of tariff classification and the headwear was indeed in chief value of man-made fibers. Convertors appeals, arguing that the Court of International Trade erred in this determination. Convertors further asserts that a genuine issue of material fact exists as to the essential character of the nonwoven material, i.e., whether it is paper or fabric.

## OPINION

■ "Summary judgment is properly granted only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Mingus Constructors, Inc. v. United*

---

* Tariff Schedules of the United States, 19 U.S.C. § 1202 (1982). Item 703.15 was amended and recodified in Item 703.14, T.S.U.S., in 1984. However, since the time period covering this dispute falls before the recodification, the amendment and recodification play no part in our analysis.

*States,* 812 F.2d 1387, 1390 (Fed.Cir.1987). The court must resolve all significant doubt over material factual issues, if any, in favor of the nonmovant and draw all reasonable inferences against the party whose motion is being considered. *Id.* at 1390–91. Where the only issue before the Court of International Trade was the meaning of the tariff terms, a question of law, *see Childcraft Education Corp. v. United States,* 742 F.2d 1413, 1414 (Fed.Cir.1984), our court independently determines the meaning of those terms and need not defer to the trial court. *See Chula Vista City School District v. Bennett,* 824 F.2d 1573, 1579 (Fed.Cir.1987), *cert. denied,* ——— U.S. ———, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988).

Both parties agree that the headwear at issue is classifiable, generally, under Schedule 7, Part 1—"Footwear; Headwear and Hat Braids; Gloves; Luggage, Handbags, Billfolds, and Other Flat Goods"—of the T.S.U.S. However, Convertors asserts that the Court of International Trade erred when it granted summary judgment on the issue of the particular classification of the headwear within Schedule 7. Specifically, Convertors argues that the government's chief value calculation, and the Court of International Trade's affirmance thereof, was erroneous because the polyester fibers should have been considered an ingredient of the paper in the headwear and, therefore, not a basis for any chief value calculation, rather than as a separate component of the headwear material for the purposes of the chief value calculation. We disagree. Furthermore, because we hold that the headwear is in chief value of man-made fibers, we do not reach Convertors' claim that a genuine issue of material fact exists as to whether the material is paper or fabric.

The general headnotes for the Tariff Act of 1930 define the word "of" in a classification such as "headwear, *of* man-made fibers," to mean "that the article is wholly or in *chief value* of the named material." General Headnote 9(f)(i). (Emphasis added.) According to the interpretative rules of the statute, "an article is in chief value of a material if such material exceeds in value each other *single component mate-*

*rial* of the article." General Headnote 10(f). (Emphasis added.) For "chief value" purposes, "component" materials of an article are the primary things or substances of which an article is made, although Congress may of course name a material which is itself a manufacture for chief value purposes.

"[T]he value of the materials of which an article is composed shall be ascertained at the time when they have reached such condition that nothing remains to be done to them except to put them together." (Citations omitted.) *United States v. Jovita Perez,* 44 CCPA 35, 39 (1957). Since the primary substances which were combined to make Convertors' headwear are wood-pulp and polyester fibers, the Court of International Trade was correct in determining chief value based on the relative value of these substances provided it properly viewed the polyester fibers as man-made fibers.

In order for the headwear to be classified as "headwear, of man-made fibers," the primary substance at issue within the headwear, i.e., the fibers, must meet the statutory definition of man-made fibers found in Schedule 3—"Textile Fibers and Textile Products"—which provides definitions for textile materials and man-made fibers for all the Tariff Schedules. In Schedule 3, Part 1, Subpart E., 2.(a), man-made fibers are defined to include filaments, strips and fibers. Within Subpart E., 3.(f), fibers are further defined to include "filaments and strips, ... in noncontinuous form, and any other fibrous structure suitable for the manufacture of textiles." We agree with the Court of International Trade's interpretation of the statutory language and legislative history of Subpart E., 3.(f), that the words "suitable for the manufacture of textiles" modify only the words "any other fibrous structure" and do not so limit the words "filaments and strips." Therefore, even if the polyester fibers in Convertors' headwear are unsuitable to make textile material, as Convertors asserts, the fibers would still qualify as man-made fibers for the purposes of proper tariff classification under Schedule 7.

The Court of Customs and Patent Appeals in *United Merchants, Inc. v. United States*, 468 F.2d 208, 211, 60 CCPA 11 (1972), determined there was "clear legislative intent" to include under the heading, "of man-made fibers," all forms of the basic material—the fibers, the yarn or the fabric—regardless of the manufacturing stage of processing unless the tariff schedules specify a tariff status for articles made of the further processed material as well as a tariff status for articles made of the basic material. *Id.* 468 F.2d at 210–11. The court found that the "residual provision for 'other' can not be considered as giving [unspecified] forms a specific tariff status *by name*." *Id.* at 211. (Emphasis in original.)

■ Because the material in Convertors' headwear includes man-made fibers, even if the material in the headwear is paper, since no specific provision for "headwear, of paper," the alleged final material, exists in Schedule 7, the headwear could be classified as "headwear, of man-made fibers," as long as the man-made fibers provide the chief value. Since both parties agree that the polyester fibers were the most costly material in the headwear, the Court of International Trade did not err in concluding that the polyester fibers provided the chief value for the headwear. Therefore, the grant of summary judgment by the Court of International Trade to the government is

AFFIRMED.