**UNITED STATES, Plaintiff,**

v.

**The PEERLESS INSURANCE COMPANY, Defendant.**

**Court No. 87–10–01045.**

United States Court of
International Trade.

Dec. 29, 1988.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, and Barbara M. Epstein, New York City, for plaintiff.

Doherty and Melahn, William E. Melahn, Boston, Mass., for defendant.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

The Peerless Insurance Company (Peerless) of New Hampshire moves under Rule 12(b)(5) of the Rules of this Court to dismiss an action for failure to state a claim upon which relief can be granted because the action brought on behalf of the United States Customs Service (Customs) to recover liquidated damages for alleged violations of an entry bond is beyond the six-year statute of limitations under 28 U.S.C. § 2415(a) (Supp. IV 1986). In turn, the United States moves pursuant to Rule 56(a) of the Rules of this Court for summary judgment in the amount of $26,431 plus interest from the date of Customs' demand for payment.

The Court has jurisdiction under 28 U.S.C. § 1582(2) (1982). The Court finds that the government's action under paragraph (4) of the consumption entry bond is not barred by the statute of limitations and denies Peerless' motion to dismiss. The Court also finds the facts alleged in Peerless' supplemental petition and the anticipated defenses and justifications for discovery presented at oral argument provide a sufficient basis to conclude that disputes of material fact are unresolved. The government's motion for summary judgment is therefore denied.

## BACKGROUND

Ferrari of San Francisco (Ferrari), as principal, and Peerless, as surety, executed an immediate delivery and consumption entry bond (Customs Form 7553) in the amount of $75,000 to cover entries for the one year period from May 11, 1977 to May 10, 1978. Under the bond, Ferrari and Peerless are jointly and severally liable for all duties, taxes, and liquidated damages resulting from the entry of merchandise into the United States. Ferrari and Peerless are also jointly and severally liable for liquidated damages if merchandise imported under the bond is not timely redelivered to the custody of Customs following a proper demand on Ferrari.

Ferrari imported a used de Tomaso Pantera passenger automobile on August 10, 1977 and a new Ferrari passenger automobile on October 11, 1977. As conditions of importation, Ferrari executed forms stating that within ninety days the two vehicles

would be brought into conformity with Environmental Protection Agency automobile emission standards and United States Department of Transportation motor vehicle safety standards.

Ferrari submitted Environmental Protection Agency Forms 3520–1, which declared that each "vehicle or engine is not in conformity with applicable emission standards, but will be brought into conformity with such standards and is *being imported under bond.*" Complaint, exhibits B and M (emphasis in original). Ferrari also submitted a Department of Transportation Form HS–7 that stated:

The merchandise does not conform with applicable Federal Motor Vehicle Safety Standards, but I will bring it into conformity with such standards and will not sell or offer it for sale until the bond required by 19 C.F.R. [§] 12.80(c) has been released.

WARNING: Entry under this provision requires posting of a bond equal to the value of the merchandise, for the delivery of a conformity statement no later than 90 days after entry to the District Director of Customs.... Vehicle *must be redelivered to port of entry* upon failure to provide satisfactory statement.

Complaint, exhibits C and N (emphasis in original).

Ferrari did not bring the vehicles into compliance, and on October 19, 1981, Customs mailed a notice to redeliver the vehicles to the port of entry. *See* 19 C.F.R. § 141.113(f) (1981). Ferrari did not redeliver the vehicles. On April 16, 1982, Customs demanded Ferrari pay liquidated damages of $6,180 for the used vehicle and $20,251 for the new vehicle. Customs sent copies of the demands for payment to Peerless.

Peerless then petitioned for mitigation relief from liquidated damages pursuant to 19 C.F.R. § 172.11. Customs denied this petition on September 17, 1982 and demanded full payment. Peerless then petitioned for supplemental relief under 19 C.F.R. § 172.33, asking Customs to cancel entirely all claims against Peerless because Customs' requests for redelivery and the

notice of liquidated damages may not have been delivered to the "now defunct Ferrari" and that Customs did not act promptly in requesting redelivery. Complaint, exhibit I, at 1–3. Customs denied this petition and sent additional collection demands for payment of liquidated damages on October 1, 1984 and August 29, 1985. The government commenced this action on October 22, 1987.

## DISCUSSION

Peerless moves to dismiss the action as barred by a six-year statute of limitations. The government contends the action is timely and moves for summary judgment in its favor.

### A. *Surety's Motion to Dismiss*

The parties agree that this action is governed by the six year statute of limitations in 28 U.S.C. § 2415(a) (Supp. IV 1986), which provides that an action brought by the United States for money damages founded upon a contract "shall be barred unless the complaint is filed within six years after the right of action accrues...." The parties disagree as to what event commenced the running of the statute.

Peerless argues that the statute of limitations "begins to run when the cause of action or breach of bond first accrues." *Defendant's Memorandum in Support of 12(b)(5) Motion*, at 5 (citing *United States v. Continental Seafoods, Inc.*, 11 CIT ——, 672 F.Supp. 1481, 1484 (1987), *remanded with instructions to dismiss with prejudice*, No. 88–1398 (Fed.Cir. Oct. 28, 1988); *United States v. Atkinson*, 6 CIT 257, 575 F.Supp. 791 (1983); and *United States v. Bavarian Motors*, 4 CIT 83 (1982)). Peerless maintains that "a claim under the bond accrues when the potential plaintiff is first able to maintain the cause of action in question, even though there may be other breaches subsequent to the first breach." *Defendant's Memorandum in Support of 12(b)(5) Motion*, at 5 (citing *Sven Salen AB v. Jacq. Pierot, Jr. & Sons, Inc.*, 559 F.Supp. 503, 505 (S.D.N.Y.1983), *aff'd*, 738 F.2d 419 (2d Cir.1984)).

Peerless contends the government was first able to maintain its cause of action upon the first default under paragraph 8 of the bond, which occurred on November 17, 1977, ninety-five days after the first vehicle was imported, and on January 17, 1978, ninety-five days after the second vehicle was imported. Peerless argues that Ferrari's failure to deliver within ninety days documents stating the vehicles had been brought into compliance with the pollution controls and safety standards constituted an automatic breach of paragraph 8. Peerless asserts that 19 C.F.R. § 12.73(b)(5)(x) and 19 C.F.R. § 12.80(b)(iii) are incorporated into the bond, *see Old Republic Ins. Co. v. United States*, 10 CIT 589, 645 F.Supp. 943 (1986), and that these regulations require that liquidated damages will issue if the documents are not timely submitted and the vehicles not timely redelivered. According to Peerless, this automatically triggers the statute of limitations as to paragraph 8. Peerless argues that this action is time-barred under the six year statute of limitations because it was not commenced until October 22, 1987.

Paragraph 8 of the bond provides for the delivery of certain papers:

(8) And if in any case the above-bounden principal shall deliver to the district director of customs such invoices, declarations of owners or consignees, certificates of origin, certificates of exportation, and other documents as may be required by law or regulations in connection with the entry of said articles, and in the form and within the time required by law or regulations, or any lawful extension thereof, or in the event of failure to comply with any or all of the conditions of this section (8) shall pay to said district director such amounts as liquidated damages as may be demanded by him in accordance with the law and regulations, not exceeding the amount of this obligation, for breach or breaches thereof;

The government argues that determining whether paragraph 8 of the bond was breached is irrelevant, because the cause of action is based on the breach of paragraph 4 of the immediate consumption entry bond. Paragraph 4 provides for damages for failure to redeliver the non-conforming vehicles:

(4) And if in any case the above-bounden principal shall redeliver or cause to be redelivered to the order of the district director of customs, on demand by him, in accordance with the law and regulations in effect on the date of the release of said articles, any and all of the merchandise found not to comply with the law and regulations governing its admission into the commerce of the United States, ... or, in default of redelivery *after a proper demand* on him, the above-bounden principal shall pay to the said district director such amounts as liquidated damages as may be demanded by him in accordance with the law and regulations, not exceeding the amount of this obligation, for any breach or breaches thereof;

(Emphasis added).

Paragraph 4 required Ferrari to redeliver the vehicles "after a proper demand" for redelivery. Customs made this demand for redelivery on October 19, 1981 under 19 C.F.R. § 141.113. Peerless argues that the government "incorrectly brought [this] action as a breach of paragraph 4 of the bond." Peerless characterizes this demand for redelivery as a mere formality which does not affect the start of the statute of limitations for an action under paragraph 8.

The government states its cause of action under paragraph 4 is proper and accrued when Ferrari failed to redeliver the vehicles on October 26, 1981, the sixth working day following the notices of redelivery. Using the government's date, the action to recover under paragraph 4 of the bond would not be barred by the six-year statute of limitations.

The conflict between paragraph 8 and paragraph 4 frames the issue of whether the six-year statute of limitations began to run ninety-five days after the failure to provide proper documents, or five days after Customs mailed the notices of redelivery.

In *United States v. Atkinson*, 6 CIT 257, 575 F.Supp. 791 (1983), the importer en-

tered three automobiles into the United States under an Immediate Delivery and Consumption Entry Bond and made a statement maintaining that they conformed with applicable federal motor vehicle safety standards. The Office of Standards Enforcement notified Atkinson on February 28 and June 19, 1975 that his statement was not acceptable to the United States Department of Transportation. Customs mailed a notice of redelivery on December 14, 1976, ordering Atkinson to redeliver the automobiles within five days. When Atkinson did not redeliver the vehicles, the District Director of Customs mailed demands for liquidated damages. After several unsuccessful attempts to collect the liquidated damages, the government filed an action on the surety bond on December 17, 1982. The surety raised the six-year statute of limitations under 28 U.S.C. § 2415 as an affirmative defense.

Citing, among other cases, the district court opinion in *Sven Salen AB v. Jacq. Pierot, Jr. & Sons, Inc.*, 559 F.Supp. 503 (S.D.N.Y.1983), the *Atkinson* court stated that "[i]t is a general rule that 'the statute of limitations begins to run on the date that a cause of action for breach accrues, which is ordinarily the time of the breach of the agreement.'" *Atkinson*, 6 CIT at 260, 575 F.Supp. at 794. *Atkinson* did not expressly find that any deficiency in the importer's documentation triggered the statute of limitations, but rather that:

> When the defendants signed the bond in question, they entered into a contract with the government to redeliver the subject merchandise upon the request of Customs. *Defendants breached the bond agreement when they failed to so redeliver the merchandise to Customs.*

*Id.* (emphasis added). *Atkinson* did find that the statute of limitations commenced five days after the notice of redelivery was mailed:

> The cause of action against the defendants in this case accrued on December 19, 1976. The summons and complaint filed on December 17, 1982, accordingly, was within the six year limitation period provided by 28 U.S.C. § 2415.

*Atkinson*, 6 CIT at 260, 575 F.Supp. at 794.

Peerless' contention that it was the failure to provide proper documentation (plus five days) that triggered the statute of limitations, rather than the date when Customs mailed the notice to redeliver (plus five days), was thus apparently considered and rejected in *Atkinson*. A close reading of the *Atkinson* decision, however, fails to reveal that the importer predicated his statute of limitations defense upon a claim that the failure to file appropriate documents (a breach of paragraph 8) plus five days triggered the statute of limitations, rather than the date of Custom's demand for redelivery plus five days (paragraph 4).

The Court accordingly will independently examine the apparently conflicting bond paragraphs and the regulations which Peerless claims are incorporated into the bond.

■ In determining whether a statute or a regulation is incorporated into the terms of an import bond, the rule is that statutes and regulations which are designed to direct government officers in the performance of their duties for the government's own protection and security are construed as directory to the government officials only, and do neither create any obligation to the surety on the bond nor form any part of the contract. *Old Republic Ins. Co. v. United States*, 10 CIT 589, 600, 645 F.Supp. 943, 953 (1986); *United States v. De Visser*, 10 F. 642, 647 (S.D.N.Y.1882). *See also United States v. Fulton Distillery, Inc.*, 571 F.2d 923, 928 (5th Cir.1978); *American Casualty Co. v. Irvin*, 426 F.2d 647, 650 (5th Cir.1970). The question, then, is whether 19 C.F.R. §§ 12.73(b)(5)(x) and 12.80(b)(1)(iii) create rights of the parties and if so, what result flows from a violation of those rights.

■ The Environmental Protection Agency (EPA) automobile emission standards identify requirements for entry and release of imported motor vehicles:

> Each motor vehicle or motor vehicle engine offered for importation or import-

ed into the Customs territory of the United States shall be refused entry unless there is filed with the entry, in duplicate, a declaration verified by the importer or consignee which contains:

. . . . .

(5) A statement that:

. . . . .

(x) Such motor vehicle or motor vehicle engine is not covered by a certificate of conformity with Federal motor vehicle emission standards but will be brought into conformity with such standards and is being imported under bond in accordance with 40 [C.F.R. § ] 85.1504.

19 C.F.R. § 12.73(b). If the declaration is not delivered to the district director of Customs at the port of entry of the vehicles within 90 days of entry or any allowed extensions of time, the importer or consignee "shall deliver or cause to be delivered to the district director of Customs those motor vehicles or motor vehicle engines which were released" under the import bond. 19 C.F.R. § 12.73(c). Customs will assess liquidated damages if the vehicle is not redelivered within 5 days following the 90 day period. 19 C.F.R. § 12.73(c).

The Department of Transportation motor vehicle safety standards provide that unless the EPA requirement is waived,

each vehicle or equipment item offered for introduction into the Customs territory of the United States shall be denied entry unless the importer or consignee files with the entry a declaration, in duplicate, which declares or affirms ...:

. . . . .

(iii) The vehicle or equipment item was not manufactured in conformity [with] all applicable safety standards, but it has been or will be brought into conformity. Within 120 days after entry, or within a period not to exceed 180 days after entry, if additional time is granted by the Administrator, National Highway Traffic Safety Administration ("Administrator, NHTSA"), the importer or consignee will submit a true and complete statement to the Administrator, NHTSA, identifying the manufacturer, contractor, or other person who has brought the vehicle or equipment item into conformity, describing the exact nature and extent of the work performed, and certifying that the vehicle or equipment item has been brought into conformity, and that the vehicle or equipment item will not be sold or offered for sale until the Administrator, NHTSA, issues an approval letter to the district director stating that the vehicle or equipment item described in the declaration has been brought into conformity with all applicable safety standards.

19 C.F.R. § 12.80(b)(1)(iii). If a declaration is filed under 19 C.F.R. § 12.80(b)(1)(iii), the vehicle may be released under an import bond:

(1) If a declaration is filed under paragraph (b)(1)(iii) of this section, the entry shall be accepted only if the importer or consignee gives a bond on Customs Form 301, containing the bond conditions set forth in § 113.62 of this chapter. An approval letter shall be issued upon approval by the Administrator, NHTSA, of the conformity statement submitted by the importer or consignee as provided for in paragraph (b)(1)(iii) of this section. The approval letter shall be forwarded by the Administrator, NHTSA, to the district director with a copy to the importer or consignee. Upon receipt of the approval letter the district director shall cancel the charge against the bond.

(2) If the approval letter is not received by the district director within 180 days after entry, the district director shall issue a Notice of Redelivery, Customs Form 4647, requiring the redelivery to Customs custody of the vehicle or equipment item. If the vehicle or equipment item is not redelivered to Customs custody or exported under Customs supervision within the period allowed by the district director in the Notice of Redelivery, liquidated damages shall be assessed in the full amount of a bond if it is single entry bond or if a continuous bond is used, the amount that would

have been taken under a single entry bond.

19 C.F.R. § 12.80(e).

An examination of these regulations shows that there is no right for the government to claim liquidated damages until there is a proper demand for redelivery. The regulations are designed to direct government officers in the performance of their duties and do not afford any additional rights to the surety. This contrasts to the regulations considered in *Old Republic Ins.*, 10 CIT at 600, 645 F.Supp. at 953, which provided that sureties must be given notice and must give their consent before Customs may extend the period of liquidation.

The Court finds that the government's action is not beyond the six-year statute of limitations for contract actions.

B. *Government's Motion for Summary Judgment*

A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Convertors Div. of Am. Hosp. Supply Corp. v. United States*, 861 F.2d 710, 711 (Fed.Cir.1988); *Atkinson*, 6 CIT at 258, 575 F.Supp. at 793 (1983). On a motion for summary judgment, the court must determine whether there are any factual disputes that are material to the resolution of the action. *See Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975); *United States v. F.H. Fenderson, Inc.*, 10 CIT 758, 760–62 (1986) [1986 WL 13615]. The court may not resolve or try disputed issues of material fact on a motion for summary judgment. *Yamaha Int'l Corp. v. United States*, 3 CIT 108, 109 (1982) [1982 WL 2221]. If there are any disputed issues of material fact, the government's motion for summary judgment must be denied.

Peerless claims that because it filed its motion to dismiss prior to its answer and prior to discovery, the government is without foundation for asserting that Peerless has no other defenses. The Court finds the facts alleged in Peerless' supplemental petition and the anticipated defenses and justifications for discovery presented at oral argument provide a sufficient basis for finding that disputes of material fact are unresolved. The government's motion for summary judgment is denied.

CONCLUSION

Peerless' motion to dismiss is denied. The government's motion for summary judgment is denied. Peerless is granted 30 days in which to file its answer to the government's complaint.