UNITED STATES of America, Plaintiff,

v.

The COCOA BERKAU, INCORPORATED, and Washington International Insurance Company, Defendant.

Court No. 91–08–00607.

United States Court of
International Trade.

April 9, 1992.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, New York City, Attorney in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Pamela G. Larrabee, Michele L. Kenney, of counsel, U.S. Customs Service, U.S. Dept. of Treasury, for plaintiff.

Sandler Travis & Rosenberg, Ronald W. Gerdes, Washington, D.C., for defendant.

### MEMORANDUM OPINION AND ORDER

GOLDBERG, Judge:

This action is brought pursuant to 28 U.S.C. § 1582 (1988). Plaintiff, the United States, seeks to recover $111,500.00 as liquidated damages in addition to pre-judg-

ment and post-judgment interest and costs from defendants The Cocoa Berkau, Incorporated, ("Cocoa Berkau"),[1] and Washington International Insurance Company, ("Washington"), jointly and severally, under the terms of an Immediate Delivery and Consumption Entry Bond. Defendant Washington now moves to dismiss the action for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Rules of this Court. The defendant's motion is based upon: (1) the failure of the United States Customs Service ("Customs") to raise its claim prior to the expiration of the applicable six-year statute of limitations, 28 U.S.C. § 2415(a) (1988); (2) the untimeliness of Customs' notices of redelivery; and (3) Customs' failure to classify the merchandise under a quota provision of the Tariff Schedules of the United States ("TSUS") before ordering its redelivery. The court grants defendant's motion dismissing the government's claim as barred by the statute of limitations in 28 U.S.C. § 2415(a) (1988).

## BACKGROUND

On March 6, 1984, defendant Cocoa Berkau, as principal, and defendant Washington, as surety, executed an Immediate Delivery and Consumption Entry Bond in the amount of $111,500.00, covering the merchandise involved in this dispute, and delivered it to Customs.

On March 26, 1984, Cocoa Berkau imported from Brazil the merchandise, alleged by plaintiff to have been 500 metric tons of sweet chocolate. Customs classified the entry under TSUS Item 156.2000, a non-quota provision, and took a sample for testing. The entry was subsequently rejected for lack of a surety code but was again accepted on May 17, 1984, and the sample collected on March 26, 1984 was finally sent for analysis.

On July 31, 1984, a lab report was issued indicating that the merchandise contained milk solids and was classified under TSUS 156.30, a quota provision. No explanation

was given by Customs regarding the new classification that appeared on the report.

On January 31, 1985, Customs issued a notice to Cocoa Berkau at its former address, ordering redelivery of the merchandise within 30 days. The redelivery notice was based on the alleged reclassification of the merchandise within the quota provision indicated on the lab report. Customs issued a second notice of redelivery to Cocoa Berkau at its proper address on February 11, 1985. Cocoa Berkau advised Customs on March 1, 1985 that it could not redeliver the merchandise since it had already been sold and processed. On June 26, 1985, Customs sent Cocoa Berkau a Notice of Liquidated Damages. Customs then liquidated the merchandise on March 18, 1988 under TSUS Item 156.2000, the non-quota provision under which it was classified upon entry.

Thereafter, Customs issued a formal demand to Washington on November 30, 1990, demanding payment of liquidated damages in the amount of $111,500.00, the full amount of the bond it executed as surety for Cocoa Berkau. Washington petitioned for mitigation relief from liquidated damages on December 17, 1990. Customs denied this petition on July 19, 1991. Customs finally filed suit against defendants in this court on August 22, 1991, to collect liquidated damages.

## OPINION

■ This action is governed by the six-year statute of limitations in 28 U.S.C. § 2415(a) (1988) which bars the United States from bringing an action for money damages founded upon a contract unless it files a complaint: (a) within six years after the right of action accrues; or (b) within one year after a final decision has been rendered "in applicable administrative proceedings required by contract or law." The parties dispute both when the right of action accrued to trigger the statute of limitations and whether an applicable administrative proceeding tolled the statute.

---

**1.** Although this action was commenced against both the principal Cocoa Berkau and the surety Washington International Insurance Co., service of process was never perfected against Cocoa Berkau and this action proceeds only against Washington.

■ Washington argues that a right of action accrues upon the breach of a contractual obligation or when the plaintiff is first able to maintain a cause of action on the breach. It contends that its bond was breached and the government was first able to maintain a cause of action for its breach on either March 2, 1985 or March 13, 1985, thirty days after Customs sent a notice to Cocoa Berkau demanding redelivery and Cocoa Berkau failed to redeliver.[2] Under defendant's theory, since the government's claim was filed on August 22, 1991, more than 6 years after the expiration of either redelivery notice, the government's action is barred by the statute of limitations under 28 U.S.C. § 2415(a) (1988).

The government contends that a right of action against a surety under a bond accrues when a surety defaults on its contractual obligation to pay liquidated damages upon demand by Customs. It argues that surety Washington did not default on its obligation to pay liquidated damages until Customs issued a Notice of Liquidated Damages to Washington, and Washington failed to pay the damages within 30 days. Therefore, the government claims that it had no right of action against Washington until it sent a Notice of Liquidated Damages to Washington on November 30, 1990 and Washington failed to pay the damages by December 30, 1990.[3] Accordingly, the government asserts that its action was timely filed on August 22, 1991, less than six years after Washington's default on December 30, 1990.

■ It is well-settled law that the statute of limitations in 28 U.S.C. § 2415(a) (1988) begins to run on the date that a cause of action accrues, usually the time of the contractual breach. *See U.S. v. Dr. George Reul*, 14 C.I.T. ——, 1990 WL 133191 (1990), *reh'g den.*, 15 C.I.T. ——, 1991 WL

16497 (1991), *aff'd* 959 F.2d 1572 (Fed.Cir. 1992); *U.S. v. Peerless Ins. Co.*, 12 C.I.T. 1182, 703 F.Supp. 955 (1988); *U.S. v. Angelakos*, 12 C.I.T. 515, 688 F.Supp. 636 (1988); *U.S. v. Continental Seafoods*, 11 C.I.T. 768, 672 F.Supp. 1481 (1987); *U.S. v. Atkinson*, 6 C.I.T. 257, 575 F.Supp. 791 (1983).

The principle set forth in *United States v. Peerless Insurance Company*, 12 C.I.T. 1182, 703 F.Supp. 955 (1988), is controlling in this case. In *Peerless*, with facts before it nearly identical to those in the instant case, Chief Judge DiCarlo held that the statute of limitations in 28 U.S.C. § 2415(a) (1988) began to run upon the importer's breach of its entry bond. In *Peerless*, defendant principal Ferrari and defendant surety Peerless executed an Immediate Delivery and Consumption Bond which contained a paragraph identical to paragraph (4) of the Washington bond in this case. Ferrari was permitted to import cars on the condition that they would be altered to conform to EPA and DOT standards within 90 days of importation. When the cars were not rendered conforming within 90 days, Customs issued a notice demanding redelivery of the cars. Ferrari failed to redeliver, and Customs sent a Demand for Liquidated Damages to Ferrari and Peerless. After defendants failed to pay the damages, the government filed suit in this court. Peerless moved to dismiss the case based upon the six-year statute of limitations in 28 U.S.C. § 2415(a) (1988).

Chief Judge DiCarlo accepted the government's position in *Peerless* which is consistent with Washington's argument in this case—that the statute of limitations is triggered when the cause of action for breach of the bond accrues, in most cases, when the importer fails to redeliver the merchandise within the time allotted by the

---

2. Plaintiff issued a Notice to Redeliver on January 31, 1985, however it was sent to defendant Cocoa Berkau's previous address. Plaintiff then issued another notice to Cocoa Berkau on February 11, 1985 at its correct address. It is unnecessary for the court to decide which notice actually triggered the breach of the bond, since plaintiff's action is barred by the application of either notice date.

3. In the alternative, the government contends that its cause of action accrued on August 25, 1985, 60 days after Customs issued a Notice of Liquidated Damages to Cocoa Berkau and Cocoa Berkau failed to pay damages.

Notice to Redeliver as required under the terms of the bond.

When Cocoa Berkau and Washington executed the Immediate Delivery and Consumption Entry Bond in question, they entered into a contract with the government to redeliver the subject merchandise upon the request of Customs. Under the bond, Cocoa Berkau and Washington are jointly and severally liable for all duties, taxes, and liquidated damages if, following a proper demand on Cocoa Berkau, the merchandise imported under the bond is not timely redelivered to the custody of Customs.[4] When Cocoa Berkau failed to redeliver the merchandise within 30 days from the issuance of either notice of redelivery, it breached the terms of paragraph (4) of the bond and triggered the statute of limitations in 28 U.S.C. § 2415(a) (1988).

Applying Chief Judge DiCarlo's rationale in *Peerless* to the instant case, the court holds that the statute of limitations was triggered on either March 2, 1985 or March 13, 1985, when Cocoa Berkau breached its bond by failing to redeliver the merchandise within 30 days from Customs' issuance of the Notices of Redelivery. Therefore the government's action, filed on August 22, 1991, is time-barred pursuant to 28 U.S.C. § 2415(a) (1988), because the complaint was filed more than six years from the date Cocoa Berkau breached its bond. In addition, the court would be remiss if it failed to comment on the Customs Service's poor administrative handling of this case. The prolonged and unwarranted administrative delays in this case are unacceptable and do not serve the interests of the United States government.

The government, in support of its theory, cites a recent case from this court, *United States v. Commodities Export Co.*, 15 C.I.T. ——, 755 F.Supp. 418 (1991), *appeal docketed sub nom. United States v. Commodities Export Co. & Old Republic Ins.*

*Co.*, Nos. 91–1470 and 91–1482 (Fed.Cir. argued March 2, 1992). In that case, defendant Commodities Export Co. ("Commodities") operated a warehouse in which goods were stored duty-free until sold through a retail store. Commodities executed a Proprietor's Warehouse Bond to insure that the goods would not enter the U.S. stream of commerce without payment of duties thereon. Customs discovered that merchandise was missing from the warehouse and Commodities had thus breached its bond. Customs then issued a Notice of Liquidated Damages and Demand for Payment. Thereafter Commodities failed to pay the damages, and the government brought suit in this court. Commodities moved to dismiss the case because it was commenced after the expiration of the six-year statute of limitations under 28 U.S.C. § 2415(a) (1988). Commodities argued that the statute of limitations began to run, and the government's cause of action accrued on the date Commodities breached the bond, i.e., when Commodities failed to account properly for all the merchandise stored in their warehouse.

In *Commodities*, Judge Tsoucalas ultimately rejected defendant's argument that the statute began to run on the date Commodities breached its bond. Instead the court, unable to determine the date the merchandise was removed from the warehouse and thus without any point of reference with regard to the breach of the bond established two artificial preconditions to the accrual of *that particular* cause of action: (1) Customs' delivery of a Notice of Liquidated Damages to Commodities; and (2) Commodities' failure to pay such liquidated damages within 90 days. However in so holding, Judge Tsoucalas did not reverse the well-settled rulings of this court that the statute of limitations in 28 U.S.C. § 2415(a) (1988) begins to run at the time of the contractual breach. *See U.S. v. Dr.*

---

**4.** Paragraph (4) of the subject bond provided: And if in any case the above-bounden principal shall redeliver or cause to be redelivered to the order of the district director of customs, on demand by him, in accordance with the law and regulations in effect on the date of the release of said articles, any and all merchandise found not to comply with the law ... or, in default of redelivery after a proper demand on him, the above-bounden principal shall pay to the said district director such amounts as liquidated damages as may be demanded by him ...;

*George Reul,* 14 C.I.T. ——, 1990 WL 133191 (1990), *reh'g den.,* 15 C.I.T. ——, 1991 WL 16497 (1991), *aff'd* 959 F.2d 1572 (Fed.Cir.1992);

Plaintiff's application of Judge Tsoucalas' holding in *Commodities* to the case at bar is misplaced. The holding in *Commodities* that the statute of limitations is triggered by the expiration of a notice of liquidated damages is limited to the unique situation where the date of the breach of the relevant bond cannot be ascertained. If Judge Tsoucalas had intended otherwise, he would not have cited this court's long history of cases holding that the breach of the bond triggers the statute of limitations in 28 U.S.C. § 2415(a) (1988). The facts of the instant case do not fall within the ambit of *Commodities,* since the date Washington breached its bond is easily ascertainable.

■ The government also argues that Washington's mitigation proceeding tolled the statute of limitations under the tolling provision of section 2415(a), until July 19, 1991, when the government rendered a final determination in Washington's mitigation proceeding. The court disagrees.

■ The tolling provision states that a complaint by the government is timely filed if it is instituted "within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law...." 28 U.S.C. § 2415(a) (1988). The statute of limitations is tolled only by *mandatory* administrative proceedings.[5] S.Rep. No. 1328, 89th Congress, 2nd Sess. (1966), *reprinted in,* 1966 U.S.C.C.A.N. 2502, 2504. Tolling the statute for the myriad of permissive administrative proceedings which are available under current law would offend the statute's goals of barring the government from asserting stale claims in the courts, assuring private litigants fair and balanced treatment when dealing with the government, and increasing efficiency in government

claims proceedings. S.Rep. No. 1328, 89th Congress, 2nd Sess. (1966) *reprinted in,* 1966 U.S.C.C.A.N. 2502, 2509.

Washington's remission or mitigation proceeding was not a mandatory administrative proceeding and therefore did not operate to toll the statute of limitations in this case. Section 618, Tariff Act of 1930, 19 U.S.C. § 1618 (1988), provides that any person who has incurred a fine or penalty under the customs laws *may* file with the Secretary of Treasury a petition for remission or mitigation of such fine or penalty. This proceeding is not required by law or by the defendant's bond, but is merely a permissive administrative proceeding instigated by the defendant which did not toll the statute of limitations under 28 U.S.C. § 2415(a) (1988).

Accordingly, for the foregoing reasons the court concludes that the government's action was time-barred pursuant to 28 U.S.C. § 2415(a) (1988) at the time it was filed. As a result, the court need not address the merits of the other grounds asserted by Washington in its motion to dismiss.

Defendant's motion to dismiss is hereby granted.

### JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY ORDERED: that the action brought by the United States is dismissed.

---

5. An example of mandatory administrative proceedings are those which involve appeals under the "disputes" clause of government contracts.

S.Rep. No. 1328, 89th Congress, 2nd Sess. (1966), *reprinted in,* 1966 U.S.C.C.A.N. 2502, 2504.